880 F.2d 281
 Dennis ENGLAND and Stanley Nielsen, individually and d/b/a
Video America, Logan Utah, and their wives Marlene
England and Jan Nielsen, and Video USA,
Inc., a Utah corporation,
Plaintiffs-Appellees,
v.
Richard HENDRICKS and Ferris Groll, Defendants-Appellants.
Dennis ENGLAND and Stanley Nielsen, individually and d/b/a
Video America, Logan Utah, Plaintiffs-Appellants,
v.
Franklin Lanny GUNNELL, Richard Hendricks and Ferris Groll,
Defendants-Appellees.
 Nos. 86-2905, 87-1720 and 87-1069.
 United States Court of Appeals,
Tenth Circuit.
 July 21, 1989.
Rehearing Denied Sept. 28, 1989.
 
 David R. Daines, Logan, Utah, for plaintiffs-appellees-cross-appellants.
 Denton M. Hatch (Wesley M. Lang with him, on the brief), of Christensen, Jensen & Powell, P.C., Salt Lake City, Utah, for defendants-appellants-cross-appellees Hendricks and Groll.
 Jody K. Burnette, of Snow, Christensen & Martineau, Salt Lake City, Utah, for defendant-appellee Gunnell.
 Before TACHA, Circuit Judge, SETH, Senior Circuit Judge, and SAFFELS, District Judge*.
 SAFFELS, District Judge.
 After a videotape rental store in Logan City, Utah rented an allegedly pornographic tape to a minor, the Logan City police began an investigation of the store's owners, Stan Nielsen ("Nielsen") and Dennis England ("England"). Utah Code Sec. 76-10-1206 made it a criminal offense to distribute harmful materials to minors. The county attorney, Franklin Lanny Gunnell ("Gunnell") and Officer Richard Wright ("Wright") of the Logan City Police Department met with England and Nielsen regarding the tape rental and advised Nielsen of their duty to comply with Utah Code Sec. 76-10-1206. The Logan City police continued monitoring the video rental store, and on April 23, 1983, two minors, acting as police informants, rented allegedly pornographic tapes from an employee of the store. The parties appear to dispute whether the investigating officer on April 23, Officer Richard Hendricks ("Hendricks"), witnessed the transactions. It does appear, though, that based on information given by Hendricks on April 25, the county attorney prepared an Information charging England with a violation of Utah Code Sec. 76-10-1206.
 Hendricks called England to the police station where he planned to serve England with a summons. When England arrived at the police station, Hendricks determined that he was not the person who had actually rented the movies to the informant. Because of this mistake, Hendricks went to talk to the county attorney, Gunnell, before he served England with the summons. Hendricks told Gunnell that England had been misidentified. Gunnell determined that both owners could be charged as aiders and abettors, pursuant to Utah Code Sec. 76-10-1201(4). Gunnell prepared an amended Information and both England and Nielsen were served with a summons. At the preliminary hearing in the case, the judge dismissed the charges, determining that the two had not been charged properly under Utah's aiding and abetting statute.
 England and Nielsen filed suit against Hendricks, Gunnell and Ferris Groll, Logan City Chief of Police. They brought the suit pursuant to 42 U.S.C. Sec. 1983, contending that defendants violated their constitutional rights to due process and equal protection by improperly charging them with aiding and abetting the distribution of harmful materials to minors.
 The court granted summary judgment in favor of Gunnell on the grounds that he was absolutely immune from liability for his actions taken in his capacity as prosecuting attorney. Hendricks and Groll contended in a motion for summary judgment that they were entitled to qualified immunity, but the court rejected their argument. Instead, the case proceeded to trial and the trial court also rejected the qualified immunity argument in a timely motion for directed verdict. The judge sent the question of qualified immunity to the jury, and the jury returned with a verdict in favor of England and Nielsen. The court subsequently awarded plaintiffs their attorney's fees pursuant to 42 U.S.C. Sec. 1988.
 In these consolidated appeals, Hendricks and Groll appeal the court's denial of their motions for summary judgment and for directed verdict on the grounds that they were entitled to qualified immunity. England and Nielsen appeal the court's dismissal of Gunnell as a party defendant. Finally, Hendricks and Groll appeal the award of attorney's fees.
 I.
 The issue of whether Hendricks and Groll were entitled to qualified immunity is a question of law. Thus, our standard of review on appeal is de novo. Eastwood v. Department of Corrections of Okla., 846 F.2d 627, 629 (10th Cir.1988).
 A government official may plead the affirmative defense of qualified immunity in an action brought pursuant to 42 U.S.C. Sec. 1983. Gomez v. Toledo, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980). The affirmative defense of qualified immunity is available to all government officials, including police officers. Anderson v. Creighton, 483 U.S. 635, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987). The government official will be immune from liability if the conduct alleged in the complaint did not violate "clearly established, statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). The Supreme Court in Harlow rejected the former subjective inquiry into the governmental official's motives, as previously set out in Wood v. Strickland, 420 U.S. 308, 322, 95 S.Ct. 992, 1000, 43 L.Ed.2d 214 (1975). Harlow, 457 U.S. at 815, 102 S.Ct. at 2736. Under the rule announced in Harlow, the courts are now limited to inquiring into the objective reasonableness of the official's actions. Id. at 816, 102 S.Ct. at 2737. The question of whether the official acted in an objectively reasonable manner is one to be resolved by the court. Mitchell v. Forsyth, 472 U.S. 511, 528, 105 S.Ct. 2806, 2816, 86 L.Ed.2d 411 (1985). The court is to determine what the current applicable law is and whether that law was clearly established at the time the official's action occurred. Harlow, 457 U.S. at 818, 102 S.Ct. at 2738.
 On the facts before us, then, Hendricks and Groll would be entitled to qualified immunity if it was not clearly established under Utah law at the time of their actions that a store owner could not be charged under the aiding and abetting statute for distributing materials harmful to minors. Utah Code Sec. 76-10-1206 provides that:
 A person is guilty of dealing in harmful material when, knowing that a person is a minor or having failed to exercise reasonable care in ascertaining the proper age of a minor he: (a) knowingly distributes or offers to distribute, exhibits or offers to exhibit any harmful materials to a minor.
 At the time of the officer's actions, there were no relevant Utah Supreme Court cases interpreting this statute. Utah Code 76-2-202 provides that a person may be convicted as an aider and abettor if that person acts "with the mental state required for the commission of an offense" and "solicits, requests, commands, encourages, or intentionally aids another person to engage in conduct which constitutes an offense." After Hendricks consulted with Gunnell, Gunnell determined that at least under his interpretation, they could prosecute the owners of a video store under the Utah aiding and abetting statute for distributing harmful material to minors, even if they were not sure whether the owners were the persons who had actually rented the tapes to the minors.
 The court need not decide whether Utah law allows a video store owner to be charged as an aider and abettor for violating Utah Code Sec. 76-10-1206. There is no case law in Utah which would have given the county attorney or the officers any guidance as to whether the aiding and abetting statute could have been used in this instance. Nor is it readily apparent from the statutory language that section 76-2-202 could not have been used here; in fact, a reasonable argument could be made that the section could have been used. Since the decision to charge did not violate clearly established law at the time of the officers' actions, they are immune from suit. Further, in an instance such as the one presented, where the law is unclear, a police officer is immune if the officer consulted with and relied upon the advice of a county attorney. Lavicky v. Burnett, 758 F.2d 468, 476 (10th Cir.1985). Thus, the officers were entitled to qualified immunity, and the district court's decision to deny Hendricks and Groll's motions for summary judgment and for directed verdict and to send the issue to the jury was in error.[1] This case will be remanded with directions to enter judgment in favor of defendants Hendricks and Groll.
 II.
 England and Nielsen filed a cross-appeal contending that the court's order granting Gunnell summary judgment on the grounds he was entitled to absolute prosecutorial immunity was in error. The order of summary judgment was entered on September 26, 1985. Judgment on that order was entered on the same day. The cross-appellants did not file their notice of appeal, however, until January 5, 1987, after the trial on the remaining claims was completed. This panel subsequently issued an order requiring the cross-appellants to show cause why the appeal should not be dismissed for lack of jurisdiction, because it appeared the judgment entered on September 26, 1985, was a judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.[2] If that were the case, the notice of appeal filed January 5, 1987, would have been untimely. See Fed.R.App.P. 4(a)(1) (A notice of appeal "shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from."). It appears after closer examination, however, that the September 26, 1985 judgment was not a Rule 54(b) judgment, since the district court did not make the express findings necessary for Rule 54(b) certification. See Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 3, 100 S.Ct. 1460, 1462, 64 L.Ed.2d 1 (1980); Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 435, 76 S.Ct. 895, 899, 100 L.Ed. 1297 (1956). Thus, this court does have jurisdiction and we will proceed to address the merits of the cross-appeal.
 The question of whether Gunnell was entitled to prosecutorial immunity is one of law, and again our standard of review is de novo. Eastwood v. Department of Corrections of Okla., 846 F.2d 627, 629 (10th Cir.1988).
 Cross-appellants contend that the lower court erred in finding Gunnell was entitled to absolute prosecutorial immunity. In Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the Supreme Court held that a prosecutor was absolutely immune from liability under section 1983 for actions taken within the scope of "prosecutorial duties." Id. at 420, 96 S.Ct. at 990. Absolute prosecutorial immunity attaches only to those activities "intimately associated with the judicial phase of the criminal process." Id. at 430, 96 S.Ct. at 995. This includes the decision to initiate a prosecution. Id. at 431, 96 S.Ct. at 995.
 Cross-appellants contended in their complaint that Gunnell violated their rights under section 1983 by initiating the prosecution against them. Under the plain language of the law as set out by the Supreme Court in Imbler, the district court in this case was correct in holding that Gunnell was absolutely immune from liability for initiating the prosecution against cross-appellants, and we affirm that portion of the lower court's decision.
 However, cross-appellants also contended in their complaint that Gunnell violated their rights under section 1983 by making certain statements to the media. The court in Imbler left open the question of whether action taken outside the prosecutor's capacity as an advocate is protected by absolute prosecutorial immunity. This circuit has held that a prosecutor is only entitled to qualified immunity when acting in an administrative or investigative capacity. Meade v. Grubbs, 841 F.2d 1512, 1532 (10th Cir.1988); Rex v. Teeples, 753 F.2d 840, 843 (10th Cir.), cert. denied, 474 U.S. 967, 106 S.Ct. 332, 88 L.Ed.2d 316 (1985). In those circuits which have directly addressed the question, a prosecutor's statements to the press have been consistently considered as a part of the prosecutor's administrative function, only entitling the prosecutor to qualified immunity. See Gobel v. Maricopa County, 867 F.2d 1201, 1205 (9th Cir.1989); Rose v. Bartle, 871 F.2d 331, 346 (3d Cir.1989); Powers v. Coe, 728 F.2d 97, 103 (2d Cir.1984); Marrero v. City of Hialeah, 625 F.2d 499, 506 (5th Cir.1980), cert. denied, 450 U.S. 913, 101 S.Ct. 1353, 67 L.Ed.2d 337 (1981); Hampton v. Hanrahan, 600 F.2d 600, 633 (7th Cir.1979), rev'd on other grounds, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980). See also Lerwill v. Joslin, 712 F.2d 435, 437 (10th Cir.1983) (recognizing rules set out by fifth circuit in Marrero ).
 We adopt the approach of the other courts of appeal which have addressed the issue now before us. Since the statements Gunnell allegedly made to the press were not made in his role as advocate, absolute prosecutorial immunity did not attach to him. Rather, he would at the most be entitled to qualified immunity. It does not appear on the record before us whether the trial judge considered the issue of qualified immunity, and the issue is not presently before us. We will remand to the district court for a determination of qualified immunity and further proceedings consistent with this order.III.
 Finally, Hendricks and Groll have appealed the award of attorney's fees. Since the court is reversing the judgment below and remanding the case with directions to enter judgment in favor of defendants, attorney's fees were not justified in this case. The decision of the court below awarding attorney's fees in favor of plaintiffs will be vacated.
 The judgment below in favor of plaintiffs-appellees is reversed and the case is remanded with directions to the court below to enter judgment in favor of defendants-appellants. The judgment below in favor of defendant-appellee Gunnell is affirmed in part and reversed in part and the cause is remanded for further proceedings consistent with this order. The award of attorney's fees entered below is vacated.
 
 
 
 *
 Honorable Dale E. Saffels, United States District Judge for the District of Kansas, sitting by designation
 
 
 [1]
 In any instance, the determination of whether a defendant is entitled to qualified immunity is to be made by the court. Mitchell, 472 U.S. at 528, 105 S.Ct. at 2816. The district court erred in sending that issue to the jury
 
 
 [2]
 Rule 54(b) of the Federal Rules of Civil Procedure provides that:
 When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims and parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.