993 F.2d 1552
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Thomas R. SLIGAR, Plaintiff-Appellant,
v.
Dennis FRIES, Defendant-Appellee.
 No. 92-5232.
 United States Court of Appeals, Tenth Circuit.
 May 6, 1993.
 
 Before McKAY, SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Thomas R. Sligar (Sligar), appearing pro se, appeals from the district court's order dismissing his 42 U.S.C. § 1983 complaint against Dennis Fries, Tulsa County, Oklahoma, District Attorney, who prosecuted criminal proceedings resulting in Sligar's incarceration in the Dick Conner Correctional Center, Hominy, Oklahoma.
 
 
 3
 Sligar alleged that Fries "was personally responsible for suppressing the denial of the Petitioner's constitutional rights, (R., Vol. I, Tab 1, p. 1), because "... the Defendant held the Plaintiff in jail for ten (10) days before arraigning him," id. at 4, suppressed an order by Judge Mussemen to release him, and denied Sligar the right to be present at a September 14, 1990, court hearing. Id. at 5. Sligar sought $25,000,000 in punitive damages for pain and suffering he allegedly incurred.
 
 
 4
 The district court granted Sligar's motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 while at the same time dismissing Siglar's complaint as frivolous. (R., Vol. I, Tab 3).
 
 
 5
 The district court found, and we agree, that prosecutors are entitled to absolute immunity from civil suit for damages for their quasi-judicial actions undertaken within the scope of their authority, citing Imbler v. Pachtman, 424 U.S. 409 (1976). In Lerwill v. Joslin, 712 F.2d 435 (10th Cir.1983), we held that although a prosecutor may lose absolute immunity for prosecutorial acts for which he has no colorable claim of authority, it does not follow that he does so immediately upon crossing technical bounds of power conferred on the prosecutor by local law, and that absolute immunity does not become qualified simply because the prosecutor acted in excess of his authority. We reasoned that a prosecutor's authority must be construed broadly.
 
 
 6
 There is nothing in this record demonstrating that Fries acted outside the scope of his duties in initiating and pursuing the criminal prosecution of Siglar. See, England v. Hendricks, 880 F.2d 281 (10th Cir.1989), cert. denied, 493 U.S. 1078 (1990).
 
 
 7
 Sligar contends that the district court dismissed his complaint in direct violation of Plaisance v. Phelps, 845 F.2d 107 (5th Cir.1988). We have read that opinion carefully and conclude that Plaisance has no bearing on the immunity issue involved here.
 
 
 8
 We AFFIRM.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3