5 F.3d 546
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Diana HOGSETT and Daniel Rewers, Plaintiffs-Appellees,
v.
John LUMLEY, Defendant-Appellant.
 No. 92-8014.
 United States Court of Appeals, Tenth Circuit.
 Aug. 27, 1993.
 
 Before LOGAN, Circuit Judge, RONEY, Senior Circuit Judge,* and SEYMOUR, Circuit Judge.
 ORDER AND JUDGMENT**
 RONEY, Senior Circuit Judge.
 
 
 1
 Diana Hogsett and Daniel Rewers obtained judgments for $32,600 and $84,950 respectively, after a jury verdict which found that defendant Sheriff John Lumley, in refusing them reemployment after he was elected sheriff, had retaliated against them for exercise of constitutionally protected rights, and had denied them due process of law. Lumley appeals, asserting three issues: erroneous instructions regarding (1) the First Amendment rights of a deputy sheriff, (2) the due process claims, and (3) failure to grant him qualified immunity on the ground that there was no clearly established law as to either the First Amendment claims or the due process claims. We affirm.
 
 
 2
 A brief review of the facts establishes the thrust of this litigation. This case stems from Lumley's refusal in January 1991, after he was elected Sheriff, to appoint Hogsett and Rewers, who had been employed by the predecessor Sheriff whom Lumley defeated, to positions in his administration. Neither plaintiff was given prior notice or an opportunity to contest this discharge, and they claimed that the policies of the previous sheriff, which were formally rescinded by Lumley four days after the decision, guaranteed them a right to a hearing before their employment could be terminated.
 
 
 3
 Both plaintiffs opposed Lumley's candidacy for sheriff. Rewers claimed that he was not reappointed as Captain, a non-policymaking position, because he ran against Lumley in the election and had uttered speech critical of the prior Sheriff's practices, speech which he claims was constitutionally protected. Hogsett, whose position as civil process server Lumley abolished, claimed that she was not appointed to the sworn position of detention deputy because she supported Rewers' candidacy. Lumley admitted that an important factor in his appointment decisions was loyalty to the Sheriff but stressed the fact that questions existed as to the competence of both Hogsett and Rewers.
 
 
 4
 Although the plaintiffs, in addition to suing Lumley, also sued the prior Sheriff Quarberg and the Hot Springs Board of County Commissioners, the jury found for Quarberg, and the trial court dismissed the Board of County Commissioners as a matter of law. Neither are parties to this appeal.
 
 Jury Instructions
 
 5
 Lumley claims various errors in the jury instructions. We have read the instructions and reviewed the record. Taken as a whole, the case was fairly presented to the jury on Hogsett's and Rewers' First Amendment and due process claims. There was no reversible error, Shute v. Moon Lake Elec. Ass'n, 899 F.2d 999, 1004 (10th Cir.1990), and the jury was not misled, Messina v. Kroblin Transp. Sys., 903 F.2d 1306, 1309 (10th Cir.1990).
 
 
 6
 Specifically, as to the free speech issues, Lumley argues that the district court erroneously instructed the jury that Hodgett and Rewers had a First Amendment right to engage in political activity and express political opinions, that Rewers' speech was constitutionally protected, that it was the jury's responsibility to balance the respective interests of the parties, and that the defendant had the burden of proving the absence of less drastic means to achieve loyalty among his deputies.
 
 
 7
 The First Amendment instructions do not misstate the law. Connick v. Myers, 461 U.S. 138 (1983); Pickering v. Board of Educ., 391 U.S. 563 (1968). They properly classify Rewers' speech as protected and direct the jury to determine if Hogsett's and Rewers' discharges were due to protected First Amendment conduct. Furthermore, the balancing of the parties' interests is a central inquiry in a case such as this, Dickeson v. Quarberg, 844 F.2d 1435, 1440 (10th Cir.1988). Whether or not that task was appropriately assigned to the jury, any error in that regard would not be reversible when the jury has implicitly reached the right result. Wren v. Spurlock, 798 F.2d 1313 (10th Cir.1986), cert. denied, 479 U.S. 1085 (1987). The burden is correctly placed on the defendant to demonstrate that there is no less drastic means of satisfying its interests. Elrod v. Burns, 427 U.S. 347, 363 (1976).
 
 
 8
 As to the due process issues, Lumley argues that the district court erred in submitting to the jury the question of whether Hogsett and Rewers had protected property interests in their employment, and in leaving to the jury's determination whether Quarberg's policy providing for termination hearings remained in effect until Lumley formally rescinded it or until his termination of Hogsett and Rewers impliedly voided it.
 
 
 9
 Although there may be some problems concerning the handling of the due process claims, they do not rise to the level of reversible error. The violation of plaintiffs' First Amendment claims found by the jury supports the verdict, could not have been cured by due process, and therefore any confusion by the jury on these instructions would not affect the money judgments entered in this case.
 
 Qualified Immunity
 
 10
 Lumley argues that there was no clearly established law proscribing his actions and that the district court erred in submitting to the jury the question of his qualified immunity. In the series of special interrogatories submitted to the jury, they were asked:
 
 
 11
 4A. If you have answered any of the questions 1 through 4 [concerning retaliation and deprivation of due process] "Yes," are the defendants entitled to good faith immunity?
 
 
 12
 As to Lumley, they checked "No."
 
 
 13
 Lumley is correct that the issue of qualified immunity is a question of law to be determined by the court, not by the jury. England v. Hendricks, 880 F.2d 281, 284 n. 1 (10th Cir.1989), cert. denied, 493 U.S. 1078 (1990). Nevertheless, the district court's submission of the immunity issue to the jury is not reversible error in this case because the jury answered the question correctly. The court previously denied Lumley's motion for judgment, in effect holding that Lumley was not entitled to immunity as a matter of law. By the time the events in this case took place, the rule was clearly established that political affiliation is not a proper ground for dismissal of employees who perform duties of the type performed by Hogsett and Rewers. Dickeson v. Quarberg, 844 F.2d 1435, 1443-44 (10th Cir.1988). Defendant cites Upton v. Thompson, 930 F.2d 1209 (7th Cir.1991), cert. denied, 112 S.Ct. 1262 (1992), and Terry v. Cook, 866 F.2d 373 (11th Cir.1989), as the best cases in support of his position, but these cases concerned events in 1986 and 1987 before this Court's decision in Dickeson. Dickeson was decided and established the law prior to the events in this case.
 
 
 14
 Lumley's insistent reliance on such cases as Connick v. Myers, 461 U.S. 138 (1983) (upholding an employee's discharge for publicly airing matters concerning her seasonal employment); Broadrick v. Oklahoma, 413 U.S. 601 (1973) (upholding an Oklahoma Act similar to the federal Hatch Act); CSC v. Letter Carriers, 413 U.S. 548 (1973) (upholding the Hatch Act), is simply misplaced. None of their activity, which Hogsett and Rewers alleged was the cause of Lumley's action, occurred while they were employed by Lumley.
 
 
 15
 AFFIRMED.
 
 
 
 *
 Honorable Paul H. Roney, Senior United States Circuit Judge for the Eleventh Circuit Court of Appeals, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for the purposes of establishing the doctrines of law of the case, res judicata or collateral estoppel. 10th Cir.R. 36.3