41 F.3d 1516
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Sherman SURFACE, Plaintiff-Appellant,
v.
STATE OF OKLAHOMA; Richard B. Darby; John M. Wampher;
County of Oklahoma; Oklahoma City Police
Department; County of Jackson;
Oklahoma Securities
Commission,
Defendants-
Appellees.
 No. 94-6154.
 United States Court of Appeals, Tenth Circuit.
 Nov. 15, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-Appellant Sherman Surface appeals the district court's order dismissing his complaint for failure to state a claim due to qualified and absolute immunity. We exercise jurisdiction pursuant to 28 U.S.C. Sec. 1291 and affirm for substantially the reasons set forth in the magistrate judge's March 7, 1994, report and recommendation, which was subsequently adopted by the district court on April 4, 1994, a copy of which is attached hereto.
 
 
 3
 Mr. Surface's claims against Richard Darby, District Judge of Jackson County, Oklahoma, are barred by the doctrine of absolute judicial immunity because the claims involve actions undertaken in a judicial capacity. See Pierson v. Ray, 386 U.S. 547, 553-55 (1967).
 
 
 4
 Mr. Surface's claims against John Wampler, District Attorney for the Third Judicial District, State of Oklahoma, are barred by the doctrine of absolute prosecutorial immunity because the allegations all relate to Mr. Wampler's conduct in prosecuting Mr. Surface. See Imbler v. Pachtman, 424 U.S. 409, 420-29 (1976).
 
 
 5
 Mr. Surface's claims against Mr. Hunt, an enforcement attorney with the Oklahoma Securities Commission (OSC), in his individual capacity, are barred by the doctrine of qualified immunity. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Having pled the affirmative defense of qualified immunity, see Gomez v. Toledo, 446 U.S. 635, 640-41 (1980), the burden shifted to Mr. Surface to set forth specific facts showing how the official's conduct violated clearly established rights. See Applewhite v. United States Air Force, 995 F.2d 997, 1000 (10th Cir.1993), cert. denied, 114 S.Ct. 1292 (1994). Rambling, conclusory allegations do not suffice to carry this burden. See Wise v. Bravo, 666 F.2d 1328, 1333 (10th Cir.1981) (conclusory allegations are insufficient to establish a violation of constitutional rights).
 
 
 6
 To the extent Mr. Surface alleges an official capacity suit against Mr. Hunt, this is treated as a suit against the OSC itself. See Kentucky v. Graham, 473 U.S. 159, 166 (1985). Because the OSC is a state agency, it is an "arm of the state" for purposes of Eleventh Amendment immunity, and we are without jurisdiction to consider such a suit. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); see also Hefley v. Textron, Inc., 713 F.2d 1487, 1493 (10th Cir.1983).
 
 
 7
 Finally, to the extent Mr. Surface seeks release from prison as the remedy in this case, he may not maintain a Sec. 1983 action to secure such relief. See Heck v. Humphrey, --- U.S. ----, 114 S.Ct. 2364, 2369 (1994) (reaffirming the holding of Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973), "that habeas corpus is the exclusive remedy" when the remedy sought is the release from confinement).
 
 
 8
 Accordingly, we AFFIRM the order dismissing this action. The mandate shall issue forthwith.
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT FOR
 THE WESTERN DISTRICT OF OKLAHOMA
 
 9
 Sherman Surface, Plaintiff,
 
 
 10
 v.
 
 
 11
 State of Oklahoma, et al., Defendants.
 
 CIV-93-1987-A
 
 12
 FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE
 
 JUDGE
 
 13
 HOWLAND, United States Magistrate Judge.
 
 
 14
 Plaintiff, an inmate of the Oklahoma State Reformatory, Granite, Oklahoma, has filed a civil rights action pursuant to 42 U.S.C. Sec. 1983 in forma pauperis. The genesis of each of Plaintiff's claimed constitutional deprivations are two state court actions, one civil and the other criminal. In the civil action the proceedings were terminated on March 24, 1992, by a decision of the Oklahoma Court of Appeals on appeal from the Oklahoma Department of Securities. Spring Fresh Corporation v. Oklahoma Department of Securities, 829 P.2d 1001 (Okla.App.1992). This appeal resulted in an affirmance of a permanent cease and desist order issued by the Oklahoma Department of Securities on June 12, 1990. This order directed Plaintiff as well as individual and corporate entities to cease and desist from offering and/or selling business opportunities in violation of 71 O.S. 1985, Sec. 806 of the Oklahoma Business Opportunity Sales Act (Act). The Securities department initiated the investigation on a citizen complaint on or about July, 1990 and the investigator's covert investigation resulted in contact with the Plaintiff who advised he owned the Spring Fresh Corporation and the Super Suds Distributing Company which was in the business of bottling and manufacturing soap products. Plaintiff's companies would furnish equipment, supplies and training in exchange for a $9,000 to $10,000 investment and the customer would receive a return of $2,400 per month. The Court of Appeals found that the Securities Commission cease and desist order was supported by substantial and competent evidence that Plaintiff was selling "business opportunities" in violation of the Act. Post-judgment motions of the Plaintiff were overruled and the Court of Appeals' decision is final.
 
 
 15
 Plaintiff also seeks relief from the state criminal conviction and sentence entered on September 5, 1991. (State of Oklahoma v. Sherman L. Surface, District Court of Oklahoma County, Oklahoma, Case No. CF 90-4646). Upon the Plaintiff's plea of guilty to counts 12-16 for violation of the Oklahoma Sales Opportunity Act and count 17, conspiracy to violate Oklahoma Business Opportunity Sales Act, he was sentenced to five years each on counts 12-16 to run concurrently and 10 years on count 17 to run consecutively to the sentence on counts 12-16. Counsel was appointed and an out of time appeal was granted by the Court of Criminal Appeals of the State of Oklahoma on December 30, 1991.
 
 
 16
 This case is at issue on the Defendants' motion to dismiss to which the Plaintiff has filed a "Motion in Response" and the Court, upon review of this proceeding, finds and concludes as follows:
 
 
 17
 * On February 2, 1994, an Order was entered dismissing five of the nine individual Defendants (Defendants Tims, Macy, Faught, Weaver, and White) leaving the case pending as to individual Defendants Hunt (Enforcement Attorney, Oklahoma Securities Commission), Darby (District Judge of Jackson County, Oklahoma) and Wampler (presently District Attorney of Jackson County, Oklahoma). Plaintiff's supplemental allegations of constitutional deprivations by these Defendants have also been reviewed as an amended pleading and they are also broad, conclusory, and totally unmeritorious. A careful review of Plaintiff's Motion in Response filed February 14, 1994, reveals numerous mischaracterized references to statutory and case authorities, and since there are no disputed or controverted facts, the only issues in contention are those of law. In this regard, Plaintiff alleges criminal violations were committed by the Defendants and should be prosecuted, that a collateral challenge to the state criminal conviction being served by Plaintiff is apropos because of unconstitutional proceedings including plea and a biased state judge, sundry officers and employees of the Oklahoma Securities Commission are alleged to have committed illegal and/or criminal acts, and the substance of Plaintiff's submission is to vacate or set aside the Security Commission action and the criminal case because of law violations by judges, attorneys, and government employees involved in these proceedings.
 
 
 18
 Plaintiff has recently filed several habeas corpus and civil rights actions to overturn the adverse decisions by the Securities Commission and in the criminal case. In CIV-93-1218-A, Sherman Surface v. State of Oklahoma and Oklahoma Court of Appeals, Western District of Oklahoma, a final judgment was entered on August 2, 1993, dismissing the Plaintiff's civil rights complaint as frivolous because of alleged due process and statutory violations and conspiracy by the Oklahoma Securities Commission. In CIV-93-1144-A, Sherman Surface v. State of Oklahoma, Oklahoma Court of Appeals, Western District of Oklahoma, a final judgment was entered on July 20, 1993, dismissing the complaint as frivolous. This was also a Sec. 1983 action seeking damages from the vice presiding judge of the Oklahoma Court of Criminal Appeals because of allegations of violations of due process, false arrest, false imprisonment, and illegal sentence by the Oklahoma Securities Commission and in the criminal case. In CIV-93-1350-A, Sherman Surface v. Alvin Shea, et al., Western District of Oklahoma, a final judgment dismissing this civil rights complaint was entered on September 28, 1993, because of conclusory assertions of constitutional violations by Defendant's Appellate Public Defender, a private attorney, attorneys employed by the Oklahoma Securities Commission, investigators and one contract specialist as well as a police officer. Further, it found that Plaintiff's allegations were in effect a petition for writ of habeas corpus requiring exhaustion in accordance with Preiser v. Rodriguez, 411 U.S. 475 (1973). The interrelationship of these cases with the instant case is evident on review of the challenges to the state court proceedings. On August 30, 1993, the Plaintiff filed an identical pleading in all of these cases naming 16 "Plaintiffs" and approximately 42 "Defendants" without permission of the Court which included the State of Oklahoma, the Oklahoma Legislature, the judges of the Oklahoma County District Court and the Oklahoma Court of Criminal and Civil Appeals, present and former Governors, members of the Oklahoma Securities Commission, and Plaintiff's attorneys.
 
 II
 
 19
 The issues of law that concern the instant action have been fully briefed by the parties and include the failure to state a claim, lack of personal participation of the Defendants in the alleged wrongful acts, Eleventh Amendment and personal immunities, and an unauthorized bypass of the habeas corpus remedy. These legal issues are properly addressed by the Defendants' Fed.R.Civ.P. 12(b)(6) motion for failure to state a claim. The Court has accepted any factual allegations of the Plaintiff as true and construed any facts as well as legal contentions liberally to conform to the pro se pleading rule. Zilkha Energy Co. v. Leighton, 920 F.2d 1520-1523 (10th Cir.1990).
 
 
 20
 * The Defendant Richard Darby, district judge of Jackson County, Oklahoma, has raised the common law absolute defense of judicial immunity which is a defense that is well established in Sec. 1983 litigation. Pierson v. Ray, 386 U.S. 547, 553-555 (1967). This immunity permits the courts the freedom to exercise their functions with independence and without fear of consequences since a dissatisfied litigant frequently seeks another forum to obtain relief from an adverse judgment. Pierson v. Ray, supra at 554; Butts v. Economou, 438 U.S. 478, 512 (1978). All allegations of misconduct by Darby are functions normally performed by a judge while presiding over a criminal case and were not performed erroneously, maliciously, or in excess of authority. Stump v. Sparkman, 435 U.S. 349, 356-357 (1978). Defendant Darby clearly acted within his jurisdiction in evaluation of the nature of his acts, and Plaintiff's allegations only serve to confirm the state judge's proper exercise of his judicial authority in the challenged action, and this Court should not disturb the exercise of these functions under Sec. 1983. Any consideration of injunctive relief is also foreclosed as Plaintiff has not shown that he would be entitled to prevail on the merits nor is there a serious risk of an irreparable harm that would overcome the presumed validity of the Defendant's judicial actions. Pulliam v. Allen, 466 U.S. 522, 528-543 (1984).
 
 B
 
 21
 Defendant John Wampler, District Attorney for the Third Judicial District, State of Oklahoma, is alleged to have violated Plaintiff's rights in performing his official duty in the prosecution of the criminal proceeding against the Plaintiff. Apparently Plaintiff asserts Defendant Wampler was the District Attorney that prosecuted his conviction in the District Court of Oklahoma County in the Seventh Judicial District. Prosecutor entitlement to absolute immunity is also well recognized in the pursuit of criminal prosecution and preparing and presenting the State's case. Imbler v. Pachtman, 424 U.S. 409, 420-428 (1976). The functions that were performed by the Defendant Wampler are the traditional ones in the conduct of the prosecution as an advocate for the State and the performance of these duties is entitled to the protection of the prosecutor's absolute immunity. Buckley v. Fitsimmon, 113 S.Ct. 2606, 2615 (1993) [establishes a dichotomy between role as advocate and investigator]; Dohaish v. Tooley, 670 F.2d 934, 938 (10th Cir.), cert. denied, 459 U.S. 826 (1982); [quasi-judicial duties include initiating and presenting the criminal case]; Coleman v. Turpin, 697 F.2d 1341, 1344 (10th Cir.1983); Meade v. Grubbs, 841 F.2d 1512, 1532 (10th Cir.1988).
 
 C
 
 22
 The Defendant Hunt, an enforcement attorney with the Oklahoma Securities Commission, as well as all individual Defendants are classified as public officials that have a qualified immunity to Sec. 1983 actions, notwithstanding any absolute immunity. In order to overcome a qualified immunity defense, Plaintiff's allegations must show that the alleged conduct violated the law and that the law was clearly established when the violation occurred. Patrick v. Miller, 953 F.2d 1240, 1243 (10th Cir.1992); Pueblo Neighborhood Health Centers, Inc. v. Losavio, 847 F.2d 642, 645-646 (10th Cir.1988). In this case, the Plaintiff has not satisfied his burden of proof and the Defendants have shown that there are no material issues of fact that remain as to whether their actions were objectively reasonable in light of the law and the information known by the Defendants at the time of their actions. Salmon v. Swartz, 948 F.2d 1131, 1135-1136 (10th Cir.1991).
 
 
 23
 Plaintiff's allegations clearly bring the individual Defendants' acts within the qualified immunity doctrine since their participation in the subject cases was pursuant to objectively reasonable established law and are assigned to the court for determination as questions of law. England v. Hendricks, 880 F.2d 281, 283-284 (10th Cir.1989), cert. denied, 493 U.S. 1078 (1990). Plaintiff's random and superficial citations to authority and legal conclusions of error by the Defendants do not show the rudiments of a claim for relief or a material factual dispute. It is apparent these officials were performing discretionary functions that did not extend beyond their statutory duties and comported with objective constitutional standards. Anthony v. Baker, 767 F.2d 657, 664 (10th Cir.1985), appeal after remand 955 F.2d 1395 (10th Cir.1992).
 
 D
 
 24
 Plaintiff's broad scale attack on court and government officials also lacks a material claim of participation or acquiescence in any violations necessary to sustain a cause of action under Sec. 1983. Rizzo v. Goode, 423 U.S. 362, 371 (1976). A Sec. 1983 cause of action is one that requires allegations of alleged personal liability for failure to establish procedures or adequately train or supervise personnel before the Court would recognize deprivation of constitutional rights. Mere naming of the Defendants because their official duty routinely brought them into the civil and criminal actions challenged by Plaintiff does not establish Sec. 1983 liability absent cogent allegations of personal direction or actual knowledge and acquiescence in violations of the Plaintiff's civil rights. Woodland v. City of Worland, 977 F.2d 1392, 1400 (10th Cir.1992). Plaintiff urges a bare claim that he was illegally arrested or imprisoned, but there is no showing that the Defendants were even aware of the purported illegal detention. Williams v. Anderson, 599 F.2d 923 (10th Cir.1979), cert. denied, 444 U.S. 1046 (1980).
 
 III
 
 25
 Careful review of Plaintiff's submissions conjures no circumstances, legal or factual that would support a Sec. 1983 claim for relief and the Court finds Plaintiff has no reasonable chance of ultimate success. The collateral challenge to the Security Commission case is beyond this Court's jurisdiction as an improper federal court review of a final judgment of a state court. Challenges to state court decisions in cases arising out of judicial proceedings are not justiciable even if a challenge is made that the state court action was unconstitutional. 28 U.S.C. Sec. 1257; District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983). Moreover, the essence of Plaintiff's claim that involves the Securities Commission action has previously been reviewed by the Court on three occasions and final judgments have been entered denying the Plaintiff relief in CIV-93-1218-A, CIV-93-1144-A, and CIV-93-1350-A. The doctrine of res judicata (claim preclusion and issue preclusion) prohibits relitigation of claims where a final judgment on the merits has been entered and in this case there is a clear identity and interrelationship of the causes of action alleged or that could have been alleged, the parties, and the relief requested. Allen v. McCurry, 499 U.S. 90, 94 (1980); Blonder-Tongue Laboratories, Inc. v. University of Ill. Found., 402 U.S. 313, 323-324 (1971); United States v. Rogers, 960 F.2d 1501, 1508 (10th Cir.1992).
 
 
 26
 The legal issues Plaintiff has raised concerning the state criminal action are also before the Court in CIV-92-631-A, Sherman Surface v. State of Oklahoma, Western District of Oklahoma. Plaintiff has filed this habeas corpus action in forma pauperis pursuant to 28 U.S.C. Sec. 2254 to litigate the constitutionality of the conviction in District Court of Oklahoma County on September 5, 1991. (Case No. CF-90-4646). There is no basis for the Court to grant any Sec. 1983 relief where Plaintiff appears to be challenging facts relating to his conviction as well as the duration of the confinement. Under these circumstances, Sec. 2254 relief is adequate and complete to redress the alleged state court errors, and, in any event, is a precursor to Sec. 1983 relief. Preiser v. Rodriguez, supra; Richards v. Bellmon, 941 F.2d 1015, 1018 (10th Cir.1991).
 
 
 27
 Accordingly, it is recommended that Plaintiff's complaint and the claims asserted therein be dismissed unless an appeal/objection is filed on or before the 22nd day of March, 1994. Default or delay in meeting this deadline may result in the Court entering a final order without further review of the facts or law.
 
 
 28
 Entered this 7th day of March, 1994.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470