**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 26 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

ROBERT JOSEPH,

      Plaintiff - Appellant,

v.

DAVID YOCUM, in his individual
capacity; SALT LAKE COUNTY,

      Defendants - Appellees,

and

DEE DEE CORRADINI, in her
individual capacity; ROSS C.
ANDERSON, in his individual
capacity; RUBEN B. ORTEGA, in his
individual capacity; JERRY
MENDEZ, in his individual capacity;
A.M. CONNOLE, also known as Mac
Connole, in his individual capacity;
SALT LAKE CITY, a municipal
corporation, and JOHN DOES I
THROUGH XX, in their individual
capacity,

      Defendants.

No. 01-4142
D.C. No. 2:00-CV-340-K
(D. Utah)

---

ORDER AND JUDGMENT  *

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
                              (continued...)

Before **BRISCOE** , Circuit Judge,   **BRORBY** , Senior Circuit Judge, and     **HARTZ** , Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  This case is therefore ordered submitted without oral argument.

Plaintiff Robert Joseph appeals the district court's order granting summary judgment in favor of defendants-appellees David Yocum and Salt Lake County in his malicious prosecution complaint brought under 42 U.S.C. § 1983.  We affirm.

At the time of the events in question, plaintiff was a Salt Lake City police officer.  While off-duty, he observed a speeding driver and initiated a traffic stop. He drew his service revolver as he approached the vehicle.  The driver attempted to leave by backing up.  Plaintiff jumped on the car's running board and fired his weapon.  He shot eleven times, wounding the driver in the face and foot.  A police investigator later testified that plaintiff gave differing accounts of the event and that police could not confirm plaintiff's claim that the driver had dragged him with the vehicle.

---

[*](...continued)
 and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The Salt Lake County District Attorney's office charged plaintiff with aggravated assault in the second degree. At a preliminary hearing, the state court judge found probable cause to believe the plaintiff had committed the offense charged in the information and plaintiff was bound over for trial. The state trial court denied plaintiff's motion to dismiss. Prior to trial, plaintiff's experts performed a laser reconstruction of the bullet strikes which revealed some inconsistencies in the driver's version of events. As a result, the District Attorney's Office decided to dismiss the charges against plaintiff.

Plaintiff then filed a civil rights action against numerous defendants, including appellees David Yocum, the Salt Lake City District Attorney, in his individual capacity, and Salt Lake County, on the ground that the Salt Lake County District Attorney's Office is a division or department of the County. Plaintiff claimed appellees violated his constitutional rights by issuing a criminal information based on an inadequate police investigation, transmitting news of his arrest to the media, and waiting approximately five months after the preliminary hearing before dismissing the charges against him.

The appellees moved for summary judgment, arguing the claims against them were barred by prosecutorial immunity and the Utah Governmental Immunity Act. The appellees presented evidence indicating that all of the allegations of wrongdoing against them arose solely from the performance of their prosecutorial

functions. In response, plaintiff presented no evidence to support his claims against appellees, but argued the alleged wrongdoing implicated appellees' administrative, rather than prosecutorial, functions. The district court granted appellees' motion for summary judgment. It later granted appellees' motion to certify the judgment as final pursuant to Federal Rule of Appellate Procedure 54(b).

On appeal, plaintiff contends the district court erred in ruling the appellees were entitled to prosecutorial immunity. He argues that his claims that the appellees conducted an inadequate investigation, held press conferences, and delayed in dismissing the case involve administrative functions, rather than functions within the role of a prosecutor, and thus, are not barred by prosecutorial immunity.

The district court's decision that appellees are entitled to prosecutorial immunity is a question of law which we review de novo. *England v. Hendricks*, 880 F.2d 281, 285 (10th Cir. 1989). This court has explained the reach of absolute prosecutorial immunity as follows:

> State attorneys and agency officials who perform functions analogous to those of a prosecutor in initiating and pursuing civil and administrative enforcement proceedings are absolutely immune from suit under section 1983 concerning activities intimately associated with the judicial process. Absolute immunity does not extend to actions that are primarily investigative or administrative in nature, though it may attach even to such administrative or investigative

-4-

activities when these functions are necessary so that a prosecutor may fulfill his function as an officer of the court.

*Scott v. Hern*, 216 F.3d 897, 908 (10th Cir. 2000) (quotations, citations and alterations omitted).

"'[T]here is no question in this circuit that prosecutors are absolutely immune from liability for allegedly failing to conduct an adequate, independent investigation of matters referred to them for prosecution.'" *Id.* at 909 (quoting *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1490 (10th Cir. 1991)). Further, a prosecutor's decision as to when to dismiss charges is entitled to absolute prosecutorial immunity because it is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Brodnicki v. City of Omaha*, 75 F.3d 1261, 1268 (8th Cir. 1996) ("The decisions relating to the initiation and dismissal of cases are at the very heart of a prosecutor's function as an advocate for the state, and absolute immunity thus attaches to those decisions."). Thus, the district court correctly ruled that appellees are absolutely immune from liability under § 1983 for the decision to prosecute, even based on an allegedly inadequate police investigation, and the decision whether and when to dismiss the charges against plaintiff.

It is true that a prosecutor is only entitled to qualified, not absolute, immunity when holding a press conference and making comments to the media. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 277-78 (1993). Qualified immunity

shields a § 1983 defendant from liability so long as his actions do not violate clearly established federal statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Plaintiff alleges only that news of his arrest was transmitted by appellees to the media, which caused him to be held up to ridicule and scorn. This allegation fails to state any constitutional violation. *See McGhee v. Draper*, 639 F.2d 639, 643 (10th Cir. 1981) (stating that "stigmatization or reputational damage alone, no matter how egregious, is not sufficient to support a § 1983 cause of action"); s*ee also Arnold v. McClain*, 926 F.2d 963, 968 (10th Cir. 1991) (holding that governmental employee must show publication of false and defamatory information in connection with job termination in order to establish claim of liberty interest violation). Thus, the district court did not err in ruling plaintiff's claims against appellees were barred by prosecutorial immunity.

Plaintiff next argues the district court erred by dismissing his claims against appellees with prejudice pursuant to the entry of final judgment under Fed. R. Civ. P. 54(b). Plaintiff does not contend that the judgment lacked finality, nor does he challenge the district court's finding that there was no just reason for delay, the determinations required for entry of a Rule 54(b) certification. *See Okla. Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001). Rather, plaintiff appears to mistakenly believe that his claims were dismissed with prejudice only when the

Rule 54(b) certification was entered. Plaintiff's claims, however, had already been dismissed with prejudice when the district court granted summary judgment in appellees' favor. *See Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987) (stating that a grant of summary judgment necessarily resolves the issues on the merits and is, therefore, a disposition of the claim with prejudice).

We do not address plaintiff's claim that the district court should have afforded him an opportunity to respond to appellees' motion before granting the Rule 54(b) certification because he failed to raise this perceived procedural violation in a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). Because the district court was not allowed the opportunity to decide whether plaintiff was denied any right to respond, this court has nothing to review. *Cf. Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.*, 175 F.3d 1221, 1256 n.45 (10th Cir. 1999) (holding that "'[g]rounds for new trial that arise solely in the context of post trial proceedings must be presented to the trial court for consideration by a motion for new trial, and the failure to do so deprives the appellate court [of] any record that is reviewable for error,'" quoting *Moore's Federal Practice 3d* § 59.55, at 59-136 (1997)). In short, we find no error in the district court's Rule 54(b) certification.

Finally, plaintiff seeks to supplement his appendix with additional materials and documents. Because these materials were not presented to the district court,

we do not consider them and his motion to supplement his appendix is DENIED. *Myers v. Okla. County Bd. of County Comm'rs*, 151 F.3d 1313, 1319 (10th Cir. 1998).

The judgment of the United States District Court for the District of Utah is AFFIRMED for substantially the reasons set forth in the district court's order dated June 8, 2001.

Entered for the Court

Wade Brorby
Senior Circuit Judge