**Valley A. PLAISANCÈ, Sr.,
Plaintiff–Apellant,**

v.

**C. Paul PHELPS, Secretary, Department
of Corrections, Et Al.,
Defendants–Appellees.**

**No. 87–3155.**

United States Court of Appeals,
Fifth Circuit.

May 16, 1988.

Valley A. Plaisance, Sr., pro se.

J. Marvin Montgomery, Asst. Atty. Gen., Baton Rouge, La., for defendants–appellees.

Before RUBIN, WILLIAMS and DAVIS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Valley A. Plaisance, Sr., appeals a summary judgment dismissing his civil rights complaint against Louisiana Department of Public Safety and Corrections officials. He argues, on appeal, that the district court erred in granting summary judgment and in failing to permit him to proceed to jury trial.

■ Appellant's sole claim at the time when motions for summary judgment were before the district court was that under the Thirteenth Amendment state corrections officials cannot require a convicted inmate to perform any kind of assigned work while appeal of his conviction is pending.[1]

His reliance for this contention on *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), is misplaced. *Lucey* held that a criminal defendant is entitled to effective assistance of counsel on first appeal as of right; it did not address the question raised by appellant. This Court has recently held that the Thirteenth Amendment does not bar a requirement that an incarcerated prisoner work without pay. *Wendt v. Lynaugh*, 841 F.2d 619, (5th Cir. 1988). There we pointed out that in its terms the Thirteenth Amendment prohibits involuntary servitude "except as a punishment for crime whereof the party shall have been duly convicted." *Id.* at 620. The fact that appellant is appealing his conviction does not require the district court to assume that his conviction was other than duly obtained.

There is no federally protected right of a state prisoner not to work while imprisoned after conviction, even though that conviction is being appealed.

*Stiltner v. Rhay*, 322 F.2d 314, 315 (9th Cir.1963) *cert. denied sub nom. Stiltner v. Washington*, 376 U.S. 920, 84 S.Ct. 678, 11 L.Ed.2d 615 (1964) *Draper v. Rhay*, 315 F.2d 193, 197 (9th Cir.), *cert. denied*, 375 U.S. 915, 84 S.Ct. 214, 11 L.Ed.2d 153 (1963). The question is entirely one of law, and it was correctly decided by the district court.[2]

■ Appellant's other contention[3] on appeal is that he had an absolute right to a jury trial, and that the district court violated this right by granting summary judgment for appellees. He contends that since the magistrate who considered his original complaint had granted his motion for a jury trial, and appellees had not opposed that motion, it was improper for the district court to deny him such trial. This contention is frivolous. Rule 56(c), Fed.R.Civ.P. requires the court to render summary judgment if the appropriate materials on file "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* The function of a jury is to try the material facts; where no such facts are in dispute, there is no occasion for jury trial. Thus the right to trial by jury does not prevent a court from granting summary judgment. *Davis v. United States*, 742 F.2d 171, 173 (5th Cir.1984); *Barrett v. Independent Order of Foresters*, 625 F.2d 73, 75 (5th Cir.1980). When the district court properly entered summary judgment dismissing his claim, appellant's demand for jury trial became moot.

AFFIRMED.

---

1. Appellant brought the action under 42 U.S.C. §§ 1983 and 1994. His original complaint included additional claims which were abandoned during the course of proceedings in the district court.

2. In his motion for summary judgment, appellant had conceded that there was no issue of material fact before the court.

3. Appellant also appears to argue on appeal that appellees were not entitled to immunity from suit. We do not reach this question since we find that the district court properly dismissed appellant's suit when it decided the sole issue of law before it.