993 F.2d 1552
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Thomas R. SLIGAR, Plaintiff-Appellant,
v.
Robert PERUGINO, Defendant-Appellee.
 No. 92-5231.
 United States Court of Appeals, Tenth Circuit.
 May 6, 1993.
 
 Before McKAY, SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Thomas R. Sligar (Sligar), appearing pro se, appeals from the district court's order dismissing his 42 U.S.C. § 1983 complaint against Robert Perugino, an Oklahoma state district court judge, who presided at a criminal trial resulting in Sligar's incarceration in the Dick Conner Correctional Center, Hominy, Oklahoma.
 
 
 3
 Sligar alleged that Judge Perugino denied him due process of law and equal protection of the law by proceeding with a preliminary hearing out of his (Sligar's) presence, by refusing to release him after four continuances were granted the State in disregard of an order entered by Judge Musseman, and by witnesses being forced to court. Sligar sought $25,000,000 in monetary relief.
 
 
 4
 The district court granted Sligar's motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, while at the same time dismissing Sligar's complaint as frivolous. (R., Vol. I, Tab 3). We agree.
 
 
 5
 The district court found, and we agree, that Sligar's allegations against Judge Perugino revolve around the judge's involvement in the state court criminal proceeding brought against Sligar, and that Judge Perugino is absolutely immune from liability for damages for acts committed within the apparent scope of his judicial duties, citing and relying on Stump v. Sparkman, 435 U.S. 349 (1978) and Pierson v. Ray, 386 U.S. 547 (1967). See also, Butz v. Economou, 438 U.S. 478, 508-09 (1978) (absolute immunity protects judges from liability for acts taken in the exercise of their judicial functions); Russ v. Uppah, 972 F.2d 300, 303 (10th Cir.1992) (judges and others performing judicial or "quasi-judicial" functions enjoy absolute immunity from monetary damages for a limited scope of actions), quoting Forrester v. White, 484 U.S. 219, 225-29 (1988).
 
 
 6
 Sligar contends that the district court dismissed his complaint in direct violation of Plaisance v. Phelps, 845 F.2d 107 (5th Cir.1988). We have read that opinion carefully and conclude that Plaisance has no bearing on the immunity issue involved here.
 
 
 7
 We AFFIRM.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3