**Wolfgang FALKE, Appellant,**

v.

**The COUNCIL OF THE CITY OF FAIR-BANKS, Alaska, in parti- cular Mayor James C. Hayes, Councilmen Billie Ray Allen, Jerry Cleworth, John Immel, Romar Swarner, Jim Whitaker, and Bob Wolting, Appellees.**

No. S–8021.

Supreme Court of Alaska.

June 12, 1998.

Rehearing Denied July 14, 1998.

Wolfgang Falke, Fairbanks, pro se.

Paul J. Ewers, Deputy City Attorney, Office of the City Attorney, Fairbanks, for Appellees.

Before MATTHEWS, C.J., and COMPTON, EASTAUGH, FABE and BRYNER, JJ.

OPINION

PER CURIAM.

The City of Fairbanks operated the Fairbanks Municipal Utilities System (FMUS) for many years. FMUS provides telecommunication, electric, water, wastewater, and heating services to Fairbanks residents. In 1996 the City received an unsolicited proposal for the sale of FMUS. The city council passed a resolution providing a procedure for review of the initial proposal, as well as other proposals. The public participated in council

---

meetings throughout 1996. After public hearings on the issue, the city council passed an ordinance providing for the sale of FMUS if approved by voters at the October 1996 general election. The voters approved the sale.

Wolfgang Falke and twelve other Fairbanks property owners filed the instant action against the city council, alleging that Fairbanks property owners are de facto owners of FMUS and that the sale constitutes a taking under article I, section 18 of the Alaska Constitution. The City moved for judgment on the pleadings for failure to state a claim upon which relief may be granted. Falke requested a trial by jury.

At the hearing on the City's motion, the trial court indicated that it was treating the City's motion for judgment on the pleadings as a motion for summary judgment. The trial court granted the City's motion, and dismissed Falke's action. This appeal followed.

Falke argues two issues on appeal. First, he claims that he has a right to a jury trial under article I, section 16 of the Alaska Constitution. Second, he contends that the court erred in granting summary judgment for the City. Neither argument has merit.

Article I, section 18 of the Alaska Constitution provides that "[p]rivate property shall not be taken or damaged for public use without just compensation." This clause does not apply to this case because, among other reasons, FMUS was public rather than private property. The fact that property owners funded the construction and operation of FMUS through tax assessments does not make the property owners de facto owners of FMUS. As no genuine issues of material fact were presented, summary judgment was proper. A proper grant of summary judgment does not infringe jury trial rights. *See Plaisance v. Phelps,* 845 F.2d 107, 108 (5th Cir.1988); *Sengupta v. Morrison–Knudsen Co.,* 804 F.2d 1072, 1077–78 n. 3 (9th Cir.1986).

The judgment is AFFIRMED.