IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41495
Conference Calendar
_____


DANIELE M. LEFFALL,

Plaintiff-Appellant,

versus

GARY L. JOHNSON, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; ROBERT WHITE, Senior Warden; VIRGIL
JOHNSON, Assistant Warden; JAMES REEVES, Safety Supervisor,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:00-CV-629
--------------------
August 20, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Daniele M. Leffall, Texas inmate # 828763, appeals following

the dismissal of his claims under 42 U.S.C. § 1983 against Gary

Johnson, Director of the Texas Department of Criminal Justice,

Warden Robert White, Assistant Warden Virgil Jorden, and Safety

Supervisor James Reeves.  Leffall alleges that he suffered a back

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

injury after slipping and falling on a wet floor caused by a persistent plumbing problem.

Because Leffall did not object to the magistrate judge's recommendation that his claim against Johnson be dismissed, our review is for plain error.  See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).  Leffall has not shown that the district court committed error, plain or otherwise, in dismissing his claim against Johnson.

We review de novo the dismissal of Leffall's claims against White, Jorden, and Reeves for failure to state a claim upon which relief may be granted.  See Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999).  Leffall's factual allegations show only that these defendants were aware of plumbing leaks; they do not show that these defendants acted with deliberate indifference to a substantial risk of serious harm.  See Palmer v. Johnson, 193 F.3d 346, 352 (5th Cir. 1999).  We conclude that, at most, Leffall alleges a claim of negligence, which is not actionable under 42 U.S.C. § 1983.  See Marsh v. Jones, 53 F.3d 707, 711-12 (5th Cir. 1995).

Leffall also argues that, in view of his demand for a jury trial, the district court was without authority to dismiss his claims.  Leffall's right to a jury trial was not violated by the district court's dismissal of his claims.  See Plaisance v. Phelps, 845 F.2d 107, 108 (5th Cir. 1988).

The district court's dismissal counts as a "strike" against Leffall. See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Leffall is hereby CAUTIONED that, if he accumulates three "strikes," he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

AFFIRMED; SANCTIONS WARNING ISSUED.