United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 6, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10397
Summary Calendar

_____

NORMAN COTTON,

Plaintiff-Appellant,

versus

PHIL RYAN, Sheriff, Wise County Jail,
in his individual and official capacity;
KENNETH STEEL, Deputy, Wise County Jail,
in his individual and official capacity,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CV-583-A
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:*

Norman Cotton, Texas prisoner # 639274, appeals the district court's denial of relief on his 42 U.S.C. § 1983 complaint. His motion for appointment of counsel on appeal is DENIED.

Cotton contends that the defendants were deliberately indifferent to his safety because he was assaulted by other inmates during his incarceration at the Wise County Jail. He has not established that the defendants were "aware of facts from which the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

inference could be drawn that a substantial risk of harm exist[ed]" prior to the assault. <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).

Cotton also has not established that the defendants were deliberately indifferent to his medical needs before or after the assault. He has not established that any delay in treatment resulted in substantial harm. See <u>Mendoza v. Lynaugh</u>, 989 F.2d 191, 195 (5th Cir. 1993). The medical records belie Cotton's claims that he was denied medical care after the assault. The district court properly considered the medical and jail records in granting summary judgment in favor of the defendants. See FED. R. EVID. 803(4), (6); <u>Mersch v. City of Dallas</u>, 207 F.3d 732, 735 (5th Cir. 2000); <u>Fraire v. City of Arlington</u>, 957 F.2d 1268, 1273 (5th Cir. 1992).

Cotton also has not established error arising out of the district court's failure to hold a hearing on his claims before the denial of relief. See <u>Eason v. Thaler</u>, 14 F.3d 8, 9 (5th Cir. 1994); <u>Plaisance v. Phelps</u>, 845 F.2d 107, 108 (5th Cir. 1988). The judgment of the district court is thus AFFIRMED.

AFFIRMED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.