United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 14, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40448
Summary Calendar

_____

STEVIE WINSTON,

Plaintiff-Appellant,

versus

DAVID STACKS, Sr. Warden; G. WAKEFIELD, Asst. Warden;
FRANKIE REESCANO, Asst. Warden; UNIDENTIFIED COOPER, Lt.;
UNIDENTIFIED RAINS, Sgt.; KELLIE WARD, Asst. Admin.;
RUSSELL B. BAILEY, Asst. Admin.; GUY SMITH, Asst. Admin.;
SHANTA CRAWFORD, Practice Manager; DR. BETTY WILLIAMS;
CHESTER JONES, PA; BRENDA HOUGH, PA; CATHI BLAKE,
Nurse Clinician, II; LVN GENGER GALLOWAY; JOSE AGUILERA,
CMA; DOUG DRETKE, DIRECTOR TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; OFFICE OF
THE ATTORNEY GENERAL OF TEXAS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(99:05-CV-141)
_____

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Stevie Winston appeals the district court's 28 U.S.C. § 1915A

dismissal, for failure to state a claim, of his 42 U.S.C. § 1983

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

action against various prison officials, asserting deliberate indifference to his serious medical needs. Winston renews his claim that the defendants were deliberately indifferent to his serious medical needs by assigning him work that violated his medical restrictions and for disciplining him when he was unable to perform that work. He maintains he pleaded all essential elements of an Eighth Amendment violation and that dismissal for failure to state a claim was therefore in error.

Section 1915A allows for dismissal of a prisoner's civil action if, *inter alia*, it is frivolous or fails to state a claim for relief. 28 U.S.C. § 1915A(b)(1). A district court may dismiss a complaint as frivolous "'where it lacks an arguable basis either in law or in fact'". **Denton v. Hernandez**, 504 U.S. 25, 31 (1992) (internal citations omitted). A dismissal for failure to state a claim for relief will be upheld "only if, taking the plaintiff's allegations as true, it appears that no relief could be granted based on the plaintiff's alleged facts". **Bass v. Parkwood Hosp.**, 180 F.3d 234, 240 (5th Cir. 1999). Because Winston's complaint was dismissed as *both* frivolous and for failure to state a claim, review is *de novo*. *See* **Velasquez v. Woods**, 329 F.3d 420, 421 (5th Cir. 2003).

Winston has not alleged, and the records do not show, that his medical condition was aggravated, or that he suffered any injury or harm, as a result of his work assignment. Therefore, even if his

2

allegations are accepted as true, he has failed to allege the requisite claim of "deliberate indifference" in connection with his work assignment. *See* **Farmer v. Brennan**, 511 U.S. 825, 828 (1994) ("A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."); **Jackson v. Cain**, 864 F.2d 1235, 1246 (5th Cir. 1989) (an Eighth Amendment violation results when the type of work assigned worsens a prisoner's pathological condition).

Because of Winston's medical condition, medical personnel placed restrictions on his prison job assignment; the record shows they were responsive to his physical limitations and placed him on a medical work squad because of these limitations. Winston claims, however, that medical personnel should have imposed even stricter limits on his job assignment. Winston's disagreement with his medical classification does not state a constitutional claim. *See* **Wilson v. Budney**, 976 F.2d 957, 958 (5th Cir. 1992). In this regard, his claim that the documents contained in the administrative record are fraudulent will not be considered because it is raised for the first time on appeal. *See* **Varnado v. Lynaugh**, 920 F.2d 320, 321 (5th Cir. 1991).

As the district court determined, the fact that Winston was required to work does not raise a constitutional claim for deliberate indifference. *See* **Mendoza v. Lynaugh**, 989 F.2d 191, 195 (5th Cir. 1993). Furthermore, prison officials also did not

3

violate his constitutional rights by disciplining him for refusing to work. *See id.; Plaisance v. Phelps*, 845 F.2d 107, 108 (5th Cir. 1988). Additionally, Winston's assertion that the district court erred in dismissing his case without providing him with notice and the opportunity to amend is unavailing because he does not state on appeal any facts he would have included in an amended complaint that might have changed the outcome in his case. *See Ashe v. Corley*, 992 F.2d 540, 542 (5th Cir. 1993).

Winston renews his contention that the defendants were deliberately indifferent in failing to provide adequate medical care, but, as he concedes and as the administrative record shows, he received medical attention on the numerous occasions he requested it. His dissatisfaction with the treatment he received is insufficient to state a constitutional claim. *See Varnado*, 920 F.2d at 321. Winston's new assertion that he has been denied better and more extensive medical care due to cost will not be considered. *See id.* Moreover, his allegations in that regard are wholly conclusional and do not give rise to a constitutional claim. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990).

Although the judgment is affirmed, it incorrectly states that the complaint was dismissed pursuant to 42 U.S.C. § 1997A, rather than 28 U.S.C. § 1915A. The error is clerical and did not affect the substance of the dismissal of the complaint. Nevertheless, the

4

matter is remanded to the district court for the limited purpose of correcting the clerical error. *See* FED. R. CIV. P. 60(a).

The district court's dismissal of Winston's complaint counts as a strike for purposes of 28 U.S.C. § 1915(g). *See* **Adepegba v. Hammons**, 103 F.3d 383, 387 (5th Cir. 1996). Winston is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

*AFFIRMED; REMANDED FOR CORRECTION OF CLERICAL ERROR; THREE-STRIKES WARNING ISSUED.*