# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 18, 2007

Charles R. Fulbruge III
Clerk

No. 07-20272
Summary Calendar

CURTIS ADAMS

Plaintiff-Appellant

v.

DAVITA DIALYSIS CENTER; DEBRA BROWN, Social Worker

Defendants-Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-830

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Curtis Adams appeals the district court's dismissal of his civil rights complaint against Davita Dialysis Center and Debra Brown, a Davita employee. He does not challenge the district court's conclusion that his civil rights claims could not succeed under 42 U.S.C. § 1983 because the defendants were not state actors. He also does not challenge the court's finding that Adams's claims of retaliation were conclusional. These issues are thus deemed abandoned. See

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Adams contends that the district court evinced bias against him by dismissing his lawsuit without holding a trial or an evidentiary hearing. The court's dismissal of the lawsuit does not evince bias. See Liteky v. United States, 510 U.S. 540, 555 (1994). Because Adams has not shown the existence of a genuine issue of material fact, he cannot establish that the district court erred in failing to hold a trial. See Plaisance v. Phelps, 845 F.2d 107, 108 (5th Cir. 1988). Adams has failed to "plead 'enough facts to state a claim to relief that is plausible on its face.'" In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007)(quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)).

Adams also asserts that the defendants violated Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, by refusing to treat him. His claims in his original complaint were insufficiently specific to put the court on notice that he was raising a claim under § 2000d, and the court's interpretation of his allegation as arising under § 1983 was appropriate based on the facts Adams presented. See id. Although Adams clarified his intent to raise a § 2000d claim in his postjudgment motion to reopen the case, we are without jurisdiction to entertain a challenge to that order because Adams failed to file an additional or amended notice of appeal from the denial of that motion. See FED. R. APP. P. 4(a)(4)(B)(ii); Taylor v. Johnson, 257 F.3d 470, 475 (5th Cir. 2001). The judgment of the district court is AFFIRMED. Adams's "Emergency Motion to Fifth Circuit for Due Process" is DENIED.