IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 8, 2008

Charles R. Fulbruge III
Clerk

No. 06-41422
Summary Calendar

J NAITH MASSINGILL

                    Plaintiff-Appellant

V.

BRAD LIVINGSTON, Director of Texas Department of Criminal Justice,
Institutions Division, in his personal and official capacity

                    Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:05-CV-785

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Plaintiff-Appellant J. Naith Massingill, Texas prisoner # 420353, filed a
civil rights complaint asserting that various Texas prison policies violated his
rights to freely practice his religion, the Israyl Identity Faith, under the Free
Exercise Clause of the First Amendment and under the Religious Land Use and
Institutionalized Persons Act (RLUIPA).  He appeals the district court's grant
of summary judgment in favor of the defendant.  Massingill does not challenge

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

the district court's rejection of his claims for a segregated prison cell or for access to prepackaged food without payment during his Sabbath. His failure to brief these issues on appeal results in their abandonment. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.3d 744, 748 (5th Cir. 1987).

Massingill asserts that the district court erred in relying upon 42 U.S.C. § 1997e(e) to dismiss his claims. The district court properly held that § 1997e(e) bars claims for compensatory damages for a First Amendment violation without a prior showing of physical injury. See Geiger v. Jowers, 404 F.3d 371, 374-75 (5th Cir. 2005). The district court acknowledged that Massingill could raise a claim for injunctive or declaratory relief without a showing of physical injury and addressed the merits of Massingill's claims in conjunction with those requested bases for relief.

Massingill contends that the district court erred in relying upon Powell v. Estelle, 959 F.2d 22, 23-26 (5th Cir. 1992), superseded by statute as stated in Diaz v. Collins, 114 F.3d 69 (5th Cir. 1997). Although in Powell we did not address each element of the test set forth in Turner v. Safley, 482 U.S. 78, 89 (1987), we have since considered all of those elements in other First Amendment challenges to prison grooming policies. See Green v. Polunsky, 229 F.3d 486, 490-91 (5th Cir. 2000). Even though Massingill cites to cases from other circuits and district courts that have overturned similar grooming policies, they are not binding precedent, being only persuasive authority.

Massingill further asserts that the district court erred by requiring him to prove that the prison regulations affected an activity central to his beliefs, urging that the RLUIPA expresses no such requirement. See 42 U.S.C. § 2000cc-5(7). Contrary to this assertion, the district court did not impose such a requirement and properly stated the law.

Massingill also insists that the defendant's evidence was insufficient to overcome Massingill's RLUIPA claims in an "as-applied" challenge. His

conclusional allegations are insufficient to meet his summary judgment burden. See Michaels v. Avitech, Inc., 202 F.3d 746, 754-55 (5th Cir. 2000). Moreover, Massingill has failed to establish that any substantial burden placed on the practice of his religion outweighed the substantial interests of prison officials in safety, prisoner identification, and hygiene. See Longoria v. Dretke, 507 F.3d 898, 901-02 (5th Cir. 2007); Diaz, 114 F.3d at 72-73.

Massingill also contends that the district court erred by allowing the defendant to present unpublished case law without giving him a copy. As no such rule is to be found in the Federal Rules of Evidence or the Federal Rules of Civil Procedure, there was no error. But see FED. R. APP. P. 32.1(b).

Massingill advances that the district court should have scheduled and held an evidentiary hearing to help him "complete" the record for appellate review. As Massingill's claims fail legally rather than on any factual insufficiency, the district court did not abuse its discretion in granting summary judgment without holding a hearing. See Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994). Additionally, as Massingill has failed to show a genuine issue of material fact, he has not established that he was entitled to a jury trial. See Plaisance v. Phelps, 845 F.2d 107, 108 (5th Cir. 1988). And, to any extent that Massingill is asserting that the district court was biased against him, he has failed to point to prejudice arising from an extrajudicial source evincing bias. See Liteky v. United States, 510 U.S. 540, 555 (1994).

Massingill maintains that the district court improperly dismissed his case to induce him to appeal and thereby generate additional fees for the federal court system. As Massingill has not established that he is entitled to relief on the merits of his claims, this unsubstantiated assertion is frivolous.

Massingill has not established any genuine issue of material fact that would overcome the district court's grant of summary judgment. See FED. R. CIV. P. 56(c), (e); Little v. Liquid Air Corp, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc). As a result, the judgment of the district court is AFFIRMED. For these

reasons, Massingill's motion for a temporary restraining order or preliminary injunction is DENIED. See Lakedreams v. Taylor, 932 F.2d 1103, 1107 (5th Cir. 1991); and his motion for expedited consideration of his request for injunctive relief is DENIED as unnecessary.