**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 7, 2011

No. 10-60637
Summary Calendar

Lyle W. Cayce
Clerk

JOE LOUIS AMERSON,

Plaintiff-Appellant

v.

LAURA STEWART TILLEY,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:08-CV-249

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellee Joe Louis Amerson, Jr., Mississippi prisoner # 36217, moves this court to proceed in forma pauperis (IFP) in this appeal from the district court's entry of summary judgment dismissing his 42 U.S.C. § 1983 complaint. Amerson's IFP motion is a challenge to the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). He also seeks the production of transcripts at government expense. *See* 28 U.S.C. § 753(f).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60637

Amerson argues that his right of access to the courts was violated by legal Assistance Director Laura Tilley.  He specifically alleges that Tilley mishandled a state postconviction application and caused that application to be dismissed as untimely.

Amerson has not shown that he will present a nonfrivolous issue on appeal.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  He has not established that Tilley did not fulfill her legal obligation to mail the application within the required limitations period.  Amerson also has not demonstrated that his ability to pursue a nonfrivolous, arguable legal claim was hindered by Tilley's alleged actions.  *See Lewis v. Casey*, 518 U.S. 343, 349, 351-52 (1996).  Thus, the motion for leave to proceed IFP is denied, and the appeal is dismissed as frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.  Amerson's motions for the production of records and transcripts, sanctions against the clerk of the district court, and the recusal of judges are DENIED.

The dismissal of this appeal as frivolous count as a strike under 28 U.S.C. § 1915(g).  Amerson is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; MOTIONS DENIED; SANCTION WARNING ISSUED.