# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40501
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 21, 2014

Lyle W. Cayce
Clerk

ELLEN MAE BURTON,

　　　　Plaintiff - Appellant

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,

　　　　Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:13-CV-41

Before PRADO, OWEN and GRAVES, Circuit Judges.

PER CURIAM:*

Ellen Mae Burton, a white female, alleges race discrimination in violation of Title VII of the Civil Rights Act as a result of a recommendation that she be terminated as a Texas Department of Criminal Justice ("TDCJ") parole officer for serious policy violations. The district court granted summary judgment to TDCJ. We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40501

Burton was a parole officer for TDCJ at its office in Galveston. In February 2012, Burton instructed an offender to report to the parole office, and then had the offender sign a release to transfer temporary custody of her child to another person, outside the Child Protective Services ("CPS") system. Burton worked in conjunction with or at the directive of a sheriff's deputy, who was not a TDCJ employee and was not in Burton's chain of command. As a result, Burton was charged with violating TDCJ Rule 43, a Level 1 offense, which prohibits any action on the part of an employee that jeopardizes the integrity or security of the agency's institutions, calls into question the employee's ability to perform effectively and efficiently in the employee's position or casts doubt upon the integrity of the employee. The conduct that TDCJ found violated Rule 43 was Burton's acting beyond the scope of a parole officer's duties to effectuate the transfer of custody of an offender's child, outside the CPS system. After a disciplinary hearing, dismissal was recommended. Burton resigned in lieu of termination. Burton filed a complaint against TDCJ alleging race discrimination in violation of Title VII, 42 U.S.C. § 2000e *et seq*., and retaliation under Tex. Fam. Code § 261.110(f)(4). The district court granted summary judgment to TDCJ.

We apply the familiar *McDonnell Douglas* burden-shifting framework to Burton's claim of race discrimination. Burton must first establish a prima facie case of discrimination by demonstrating that: (1) she is a member of a protected class; (2) she was qualified for the position; (3) she was subject to an adverse employment action; and (4) she was replaced by someone outside her protected class or was treated less favorably than other similarly situated employees outside her class. *See Haire v. Bd. of Sup'rs of Louisiana State Univ. Agric. & Mech. Coll.*, 719 F.3d 356, 363 (5th Cir. 2013); *see also Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009) (applying this framework to a claim of disparate treatment in discipline). If she does so, the burden of production

2

shifts to TDCJ to provide a legitimate, non-discriminatory reason for the adverse action. *Haire*, 719 F.3d at 362-63. If TDCJ produces sufficient evidence showing a legitimate justification, the burden shifts back to Burton, who must produce evidence sufficient to raise a genuine issue of fact that TDCJ's proffered reason is a pretext for discrimination. *Id*. at 563. Burton may establish pretext by showing that a discriminatory motive more likely motivated TDCJ's decision or that TDCJ's proffered justification is unworthy of credence. *See id.*; *see also Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 147 (2000). However, a plaintiff cannot prove that an employer's proffered reason is pretextual merely by disputing the correctness of the employer's decision. *See LeMaire v. Louisiana Dept. of Transp. and Development*, 480 F.3d 383, 391 (5th Cir. 2007).

The district court found that Burton could not establish a prima facie case of discrimination, because she had not pointed to other employees who were similarly situated but treated more favorably. In the district court, Burton pointed to four African-American employees who she alleges committed more serious violations but received discipline short of termination. Burton was terminated for facilitating the transfer of custody of an offender's minor child, thereby exceeding the role of a parole officer. The summary judgment record shows that the four employees Burton alleges were treated more favorably were disciplined for very different misconduct, such as failing to submit required reports regarding the offenders they monitored, failing to complete required investigations, and slapping an offender on the shoulder. The district court found that the comparator employees were not similarly situated, and thus Burton had failed to established a prima facie case.

Even if we assume that Burton has established a prima facie case, which we doubt, TDCJ has produced more than sufficient evidence to meet its burden to show a legitimate, non-discriminatory reason for Burton's termination, and

No. 14-40501

Burton has produced no evidence that raises a genuine dispute of fact as to pretext. Competent summary judgment evidence shows that TDCJ's decision to terminate Burton was based on its finding that she acted beyond the scope of a parole officer's duties by working with a sheriff's deputy to effectuate the transfer of custody of an offender's child, outside the CPS system, thereby potentially interfering with the functions performed by another state agency charged with protecting child welfare. Burton does not dispute that she engaged in the conduct, and does not produce sufficient evidence of other employees who engaged in similar conduct and were treated differently. Hence, she fails to rebut TDCJ's proffered justification. [1] Burton's *pro se* appellate brief, even construed liberally, focuses almost wholly on her assertion that the conduct she engaged in was justified in the circumstances of the situation. However, in conducting a pretext analysis, we do not "engage in second-guessing of an employer's business decisions." *LeMaire*, 480 F.3d at 391. Title VII does not require employers to make correct decisions, only non-discriminatory decisions. *See id.* Summary judgment is appropriate because Burton has failed to raise a fact dispute as to pretext. *See Haire*, 719 F.3d at 362-63; *Lemaire*, 480 F.3d at 391.

Burton's state law claim for retaliation was also properly dismissed because it is barred by the Eleventh Amendment. *See Harris v. Angelina County*, Tex., 31 F.3d 331, 338, n.7 (5th Cir. 1994); *Aguilar v. Tex. Dept. of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998).

On appeal, Burton also makes brief assertions that she was deprived of her right to a jury trial and that she received ineffective assistance of counsel.

---

[1] Burton argues on appeal that she was replaced by an African-American woman, and asserts that this establishes a prima facie case. Since she did not raise this fact in the district court and does not produce any supporting evidence, this evidence is outside the record. Further, even if we assume that fact to be true and consider it, it would not be sufficient to rebut TDCJ's legitimate, non-discriminatory justification and raise a fact issue as to pretext.

No. 14-40501

Of course, the right to trial by jury does not prevent a court from granting summary judgment. *Plaisance v. Phelps*, 845 F.2d 107, 108 (5th Cir. 1988). Nor does a plaintiff in a civil case possess a Sixth Amendment right to the effective assistance of counsel. *See Sanchez v. United States Postal Service*, 785 F.2d 1236, 1236 (5th Cir. 1986).

## Conclusion

For the foregoing reasons, the judgment of the district court is AFFIRMED.