# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60810
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 8, 2017

Lyle W. Cayce
Clerk

JOE L. AMERSON, JR.,

Plaintiff-Appellant

v.

CHRISTOPHER EPPS; LAURA TILLEY; LATASHA CLAY; JACQUELINE BANKS, Superintendent of South Mississippi Correctional Institution; GIA MCLEOD, Director of Mississippi Department of Corrections Legal Assistance Program,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:15-CV-225

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Joe L. Amerson, Jr., Mississippi prisoner # 36217, appeals the denial of his 42 U.S.C. § 1983 complaint. He specifically challenges the district court's grant of summary judgment denying his claim that Latasha Clay, an employee of the Inmate Legal Assistance Program (ILAP), violated his equal protection

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

rights, and the dismissal of his claims that ILAP employees denied him access to the courts as malicious and for failure to state a claim.  To the extent that Amerson raised other claims in his § 1983 complaint but has not briefed them on appeal, he has abandoned any argument as to those claims.  *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Amerson maintains that the district court erroneously determined that Clay was entitled to summary judgment on the basis that he failed to exhaust administrative remedies with regard to his equal-protection claim against her. He argues that he did not have to plead or prove exhaustion in his complaint and that he, in fact, tried to exhaust administrative remedies.  We review the district court's grant of summary judgment de novo.  *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

The record reflects that the district court correctly considered exhaustion after Clay raised the issue as an affirmative defense and moved for summary judgment on that basis.  *See Jones v. Bock*, 549 U.S. 199, 215-16 (2007).  There is no indication that Amerson timely filed a grievance in which he set forth an equal-protection claim or tried to complete the grievance process before filing his complaint.  *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006); *Dillon*, 596 F.3d at 268.  He also has failed to show that prison officials created an impediment that prevented him from filing a relevant grievance.  *See Holloway v. Gunnell*, 685 F.2d 150, 154 (5th Cir. 1992).  Therefore, he has not shown that the district court erred in granting summary judgment to Clay.  *See Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010); FED. R. CIV. P. 56(a).

Amerson also argues that that he was denied access to the courts because ILAP employees provided inadequate service and, in one instance, failed to file his state habeas application.  He additionally contends that the deficiencies of

No. 16-60810

the ILAP resulted in his instant § 1983 complaint being dismissed and caused his notice of appeal in this case to be untimely filed.

To the extent that Amerson contends that he generally was denied legal aid or assistance, he has failed to show that the district court erred in finding that he failed to state a claim. He has not alleged or shown that he suffered an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996). His suggestion that grievances were wrongly handled by ILAP employees does not give rise to a constitutional claim. *See Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005). The district court properly dismissed as malicious his claim that ILAP employees lost his state habeas application; the claim is duplicative of one that he raised in a prior § 1983 complaint, the dismissal of which we affirmed. *See Amerson v. Epps, et al.*, No. 2:08-cv-249 (S.D. Miss. July 14, 2010); *Amerson v. Tilley*, 432 F. App'x 315, 316 (5th Cir. 2011). He has not established that ILAP employees frustrated his ability to prosecute the instant § 1983 complaint or the instant appeal. *See Lewis*, 518 U.S. at 351.

Amerson further argues that the magistrate judge and the district court judge who considered his complaint should have been disqualified because they decided against him in prior lawsuits that he filed against some of the same defendants named in the instant complaint. This claim, which Amerson sets forth for the first time on appeal, is untimely. *See Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003). In any event, the fact that the same judges ruled against Amerson in this case and in prior proceedings does not suggest that the judges should have been disqualified or were incapable of rendering fair judgment. *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *Levitt v. Univ. of Texas at El Paso*, 847 F.2d 221, 226 (5th Cir. 1988). His claim that a state court judge wrongly participated in the state appellate proceedings, which he raised initially in a motion for reconsideration, is waived and otherwise is not

No. 16-60810

cognizable. *See Heck v. Humphrey*, 512 U.S. 477 (1994); *Lincoln Gen. Ins. Co. v. De La Luz Garcia*, 501 F.3d 436, 442 (5th Cir. 2007).

Finally, Amerson contends that the grant of summary judgment to Clay violated his right to a jury trial under the Seventh Amendment. However, the district court properly entered summary judgment based on Amerson's failure to exhaust, and, thus, his demand for a jury trial was moot. *See Plaisance v. Phelps*, 845 F.2d 107, 108 (5th Cir. 1988).

AFFIRMED.