# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-30259
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

February 16, 2024

Lyle W. Cayce
Clerk

William R. Abbott,

*Plaintiff—Appellant*,

*versus*

United States of America,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:21-CV-3774

———————————————————

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

William R. Abbott, federal prisoner # 57819-083, filed a complaint against the United States under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, complaining he had been sexually harassed by his transgender cellmate and another inmate. Abbott also alleged his reports of these acts had been ignored, in violation of the Prison Rape Elimination Act ("PREA"), 34

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.4.

U.S.C. § 30301 *et seq.* Abbott appealed the district court's order and judgment granting the United States's motion for summary judgment.

We review a district court's grant of summary judgment *de novo*, applying the same standards as the district court. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Abbott argues the district court deprived him of his Seventh Amendment right to a trial by jury. That right does not prevent granting summary judgment when no material facts are genuinely in dispute. *See Plaisance v. Phelps*, 845 F.2d 107, 108 (5th Cir. 1988).

Abbott next complains that prison employees failed to initiate and follow the PREA administrative process in response to his complaints of sexual harassment. The district court concluded that Abbott's claims were barred under 42 U.S.C. § 1997e(e), which requires a "showing of physical injury or the commission of a sexual act." *See also* 28 U.S.C. § 1346(b)(2).

Abbott's own allegations and the witness statements he submitted confirm Abbott's complaints are limited to alleged mental and emotional injuries and do not create a factual issue as to whether Abbott sustained a physical injury. *See Dillon*, 596 F.3d at 266. His assertion that the court made credibility determinations about those statements is unsupported by the record.

Abbott also asserts his claims relate to sexual acts, which are excluded from the statutory bar. However, the conduct complained of by Abbott does not meet the statutory definition. *See* 18 U.S.C. § 2246(2).

The judgment is AFFIRMED. Abbott's motion for oral argument and for appointment of counsel is DENIED.