Paul H. BARRETT, Plaintiff-Appellant,

v.

INDEPENDENT ORDER OF FOREST-
ERS, Defendant-Appellee.

No. 78–3602.

United States Court of Appeals,
Fifth Circuit.

Aug. 29, 1980.

Paul H. Barrett, pro se.

Hansell, Post, Brandon & Dorsey, Jule W. Felton, Jr., John G. Parker, Atlanta, Ga., for defendant-appellee.

Before HILL and POLITZ, Circuit Judges, and O'KELLEY *, District Judge.

PER CURIAM:

This is a diversity action, prosecuted pro se, sounding in fraud and contract. The district court granted summary judgment against plaintiff-appellant, finding that no issue of material fact exists as to the contract claim and that as a matter of law appellant is not entitled to redress. The district judge also dismissed appellant's fraud allegation for failure to state a claim. Those rulings and several other rulings of the district court are raised as error on appeal. We find no merit to these assignments of error and affirm.

In order for a fraud to be actionable, the representation relied on must be more than a promise which is void or unenforceable. See Ely v. Stratoflex, 132 Ga. App. 569, 208 S.E.2d 583 (1974). In this case the appellant states that he was promised a job for life and that his yearly income would be at certain levels. Under Georgia law such a promise is unenforceable and cannot form the basis for fraud. Additionally, appellant signed written agreements specifying the schedule at which he would be compensated. There is no mention in those writings which embody the agreement between the parties that appellant would receive a minimum yearly pay or any other sum certain. The law of Georgia is that

one cannot claim to be defrauded by the false representation of another where, by the exercise of ordinary diligence, such person could have discovered the falsity of the representations before acting thereon . . . . .

Cole v. Cates, 113 Ga.App. 540, 149 S.E.2d 165 (1966).

In that case plaintiff claimed that he was induced to sign a listing agreement when he in fact signed a sales contract. In this case appellant claims he was induced to sign the contract on the representation he would make approximately $30,000 during the first year, but the agreement made no such assurance. The trial court did not err in finding that appellant failed to state a cause of action for fraud.

Appellant also attempts to show that summary judgment was inappropriate as several issues of material fact exist. A careful review of the record including the statement of uncontested material facts and the response thereto filed pursuant to the district court's local rules indicates to the contrary.

Appellant also states that reversal is required because a deposition which he relied heavily on was never opened or reviewed by the trial court. Again, review of the statement of uncontested facts and response thereto establishes no issue which required reference to the deposition. Even if it was inadvisable for the trial court to ignore the deposition, a review of it does not indicate that a different outcome is required.

Appellant next complains that the district court erred in finding that there was no remedy for his being forced to move to a different city contrary to the terms of the employment agreement. Even if the facts supported a finding that appellant was forced to move, the only basis of this claim is appellee's alleged threat to discharge appellant. As the trial court noted, one has a right to threaten what he has a legal right to do. Williams v. Ruben, 216 Ga. 431, 117 S.E.2d 456 (1960). As the

* District Judge of the Northern District of Georgia, sitting by designation.

employment contract was terminable at will by either party, appellee's threat to discharge appellant is not actionable.

■ Appellant also raises several citations of error concerning procedural rulings by the trial court. He contends that the trial judge should have allowed additional discovery and should have compelled a response to discovery filed by appellant. After review of the record, the court cannot say that the trial judge abused his discretion by declining to compel further responses or allow additional discovery.

■ In like regard appellant contends that the trial court erred in denying his motion for leave to amend. It is true that a motion to amend should be freely granted when justice requires. *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Hilgeman v. National Insurance Co.*, 547 F.2d 298 (5th Cir. 1977). The decision whether to grant such a motion, however, is entrusted to the discretion of the trial court. *In re Westec*, 434 F.2d 195 (5th Cir. 1970). In the present action the proposed amendment sought to add several new parties and additional counts. Even though the motion was not filed until nearly ten months after the original complaint, there would appear to be no matters that appellant proposed to add which could not have been raised initially. Given the circumstances, this court cannot say that the trial judge abused his discretion.

■ Finally, appellant contends that the trial judge, by granting summary judgment, deprived him of his right to a trial by jury guaranteed by the seventh amendment. Summary judgment is authorized where there are no issues of material fact in dispute. In such circumstances the jury, as trier of fact, has no role, and appellant's seventh amendment rights are not infringed.

The decision of the district court is accordingly AFFIRMED.