# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 17, 2008

Charles R. Fulbruge III
Clerk

No. 07-20741
Summary Calendar

In The Matter Of:  MADILYN D. POWELL

                                        Debtor

_____

MADILYN D. POWELL; MATTIE AMOS

                                        Appellants

v.

PIERCE DALTON NUNLEY; SUSAN MOODY NUNLEY; JOHN D.
MOODY; M&N RESOURCE MANAGEMENT LLC; ROBERT "SKIP"
SUTTER; LESTER JOEY DUREL; IP PROPERTIES; MELANIE RICHARD;
CAROL LEWIS; DAVID G. PEAKE

                                        Appellees

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-2679

_____

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Appellants Madilyn D. Powell and Mattie Amos appeal the district court's judgment affirming the bankruptcy court's dismissal of their adversary case. We affirm.

This appeal is the latest episode in a series of lawsuits and bankruptcy filings dating back more than eight years. It needs to be the last. In June 2000, Lyndol Enterprises ("Lyndol") obtained a judgment in Louisiana state court against Mattie Amos and her husband Russell (the "Amoses") stemming from the Amoses' default on a commercial lease. Lyndol attempted to execute the judgment through a sheriff's sale against certain real property owned by the Amoses in Lafayette, Louisiana, but the property, which had 22 prior liens, did not sell. In July 2001, the property was sold to I.P. properties. Four lawsuits in the Louisiana court followed. First, in September 2001, the Amoses brought suit against Lyndol seeking to have the sale rescinded; in October 2001, Mattie Amos and her daughter, Madilyn D. Powell, filed a petition for an injunction against Lyndol to prevent it from imposing further "financial and psychological hardships and sufferings"; in April 2003, Powell filed another suit against Lyndol and its principals, this time seeking damages for "vindictive torture" of the Amoses' family; and in August 2003, Mattie Amos filed a similar suit. These suits were consolidated, and subsquently ended in a directed verdict for Lyndol and I.P. Properties following the close of Amos and Powell's evidence. The Louisiana Court of Appeals affirmed, Amos v. Lyndol Enters., 887 So. 2d 155 (La. Ct. App. 2004) and the Louisiana Supreme Court denied review, 896 So. 2d 36 (La. 2005). As to bankruptcy, the Amoses and Powell collectively filed five petitions between 1999 and 2006, all of which were dismissed or struck.

Turning to the instant case, on April 9, 2007, Powell filed for chapter 13 relief in the Southern District of Texas. On May 22, 2007, the Amoses and Powell filed an adversary proceeding against the Appellees seeking monetary damages from alleged RICO violations. Certain of the Appellees filed a motion

to dismiss the adversary proceeding and sought an injunction barring the Amoses and Powell from filing any cases in federal court without the bankruptcy court's permission. While that motion was pending, Powell moved to voluntarily dismiss her bankruptcy cases, and the Amoses and Powell filed suit in the district court, making substantially the same claims as those in the adversary proceeding. The district court referred the matter to the bankruptcy court, which granted the motion to dismiss, holding that the claims alleged the same injuries as those previously litigated in Louisiana and were therefore barred by res judicata and that, in any case, the Amoses and Powell had failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). The bankruptcy court also enjoined the Amoses and Powell from bringing suit in federal court without the bankruptcy court's permission. The district court affirmed, and Powell and the Amoses timely appealed.[1]

On appeal to this Court, Appellants' arguments are difficult to discern, and contain few if any citations to the record. Appellants seem to argue chiefly that 1) they were entitled to a jury trial on their RICO claims; 2) the bankruptcy court should have dismissed the adversary proceeding without prejudice when it dismissed Powell's bankruptcy case; and 3) they should have been granted a default judgment because Appellees did not file an answer. However, 1) as correctly explained by the bankruptcy court, all of Appellants' claims are barred as a matter of law either by res judicata or failure to state a claim pursuant to Rule 12(b)(6), and where the issue is purely one of law, "the jury, as trier of fact, has no role, and [the plaintiff's] Seventh Amendment rights are not infringed," Barrett v. Indep. Order of Foresters, 625 F.2d 73, 75 (5th Cir. 1980); 2) under the circumstances, the bankruptcy court was well within its discretion to retain jurisdiction over the adversary proceeding, see Querner v. Querner (In re

---

[1] Russell Amos was subsequently dismissed from this appeal on his own motion.

Querner), 7 F.3d 1199, 1202 (5th Cir. 1993) (holding that bankruptcy courts must consider economy, convenience, fairness, and comity in determining whether to retain jurisdiction over related proceedings after the dismissal of the underlying bankruptcy case); and 3) Appellants' claims were dismissed before an answer was required. We have examined Appellants' remaining arguments and they are similarly without merit.

Amos and Powell have clearly abused the judicial system. This litigation must come to an end. The judgment of the district court is, in all respects, AFFIRMED.