# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 26, 2010

No. 10-30032
Summary Calendar

Lyle W. Cayce
Clerk

ANTOINETTE ANDERSON,

Plaintiff-Appellant

v.

LAW FIRM OF SHORTY, DOOLEY & HALL; MICHAEL J. HALL, In his capacity as staff attorney for the Law Firm of Shorty, Dooley & Hall; ENTERGY CORPORATION; LEILA D'AQUIN, In her capacity as staff of Entergy Corporation; PAUL A. CASTANON, In his capacity as Assistant Secretary for Entergy Services, Incorporated, a subsidiary of Entergy Corporation; NEW ORLEANS CITY; DEREK MERCADEL, In his capacity as staff attorney for City of New Orleans; ANTOINE P. TURNER, In his personal capacity; ALLSTATE INSURANCE COMPANY; JAMES A. STAPP, In his capacity as staff attorney for Law Offices of Harold G. Toscano; LAW OFFICES OF HAROLD G. TOSCANO; MARCUS V. BROWN, In his capacity as staff attorney for Entergy Corporation, mistakenly named Marcus D. Brown,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CV-4160

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Antoinette Anderson, proceeding *pro se*, appeals the dismissal of her claims under 42 U.S.C. §§ 1983 and 1985, and Louisiana law. Defendants were participants in Anderson's state court personal injury action, which sought damages for injuries allegedly suffered in an automobile accident in New Orleans.

Anderson asserts that the district court erred in refusing to allow her to amend her complaint to add claims against state-court Judges Reese and Cates, who allegedly made rulings adverse to Anderson. Although judicial immunity does not bar claims for injunctive or declaratory relief in civil rights actions, *see Holloway v. Walker*, 765 F.2d 517, 525 (5th Cir. 1985), Anderson could not obtain the desired injunctive relief for either Judge, because federal courts have no authority to direct state courts or their judicial officers in the performance of their duties. *See Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973). Because amendment of the complaint would have been futile, there was no reversible error. *See Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 321 (5th Cir. 1991).

Next, Anderson contends that the district court erred in dismissing, pursuant to Federal Rule of Civil Procedure 12(b)(6) (failure to state a claim), her § 1983 civil-rights claims against the Shorty, Dooley & Hall law firm, Michael J. Hall (an attorney with that firm), Allstate Insurance Company, Antoine P. Turner (Allstate's insured), the Law Offices of Harold G. Toscano and James A. Stapp (attorneys who represented Allstate), Entergy Corporation, Paul A. Castanon (an Assistant Secretary for Entergy Services, Inc., a subsidiary of Entergy) and Leila D'Aquin and Marcus V. Brown (attorneys who represented Entergy). Anderson contends that these defendants were involved in a conspiracy with Judges Reese and Cates to prevent her from obtaining relief in her state court action.

We review a Rule 12(b)(6) dismissal *de novo*, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs".

2

*Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To state a claim pursuant to § 1983, a plaintiff must claim a violation of a right secured by the Constitution or laws of the United States and demonstrate that the averred deprivation was committed by a person acting under color of state law. *E.g.*, *Randolph v. Cervantes*, 130 F.3d 727, 730 (5th Cir. 1997). "Plaintiffs who assert conspiracy claims under civil rights statutes must plead the operative facts upon which their claim is based. Bald allegations that a conspiracy existed are insufficient." *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987) (footnote omitted).

Anderson has not shown error in the district court's Rule 12(b)(6) dismissal of her § 1983 conspiracy claims against the defendants listed above. Her complaint merely makes conclusory allegations of a conspiracy involving the various defendants listed above, and those allegations are insufficient "to raise a right to relief above the speculative level". *Twombly*, 550 U.S. at 555. Anderson also fails to demonstrate in her pleadings that the defendants who are private actors were acting under color of state law. *See Randolph*, 130 F.3d at 730.

Further, to the extent that Anderson's complaint sets forth a constitutional claim against the City of New Orleans (a defendant in the state court action) and Derek Mercadel (the city's counsel in that action) that was not coextensive with her inadequately pleaded conspiracy claim, Anderson has abandoned any such claim by failing to raise it in her opening brief and by failing to challenge the district court's reasons for dismissing such claims. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *see also Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Anderson contends that she stated a claim under § 1985(3). Section 1985(3), however, applies only to claims of racial or other class-based discrimination. *See Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Anderson's complaint made no allegation that the defendants had discriminated against her on such grounds. Accordingly, Anderson's complaint did not state a claim under § 1985(3), and there was no error in the district court's dismissal of such claims. *See Griffin*, 403 U.S. at 102.

Because all of Anderson's federal claims were properly dismissed, the district court did not err in declining to exercise supplemental jurisdiction over Anderson's state law claims. *See Batiste v. Island Records, Inc.*, 179 F.3d 217, 226-27 (5th Cir. 1999); 28 U.S.C. § 1367(c)(3). The district court complied with applicable precedent by dismissing Anderson's state law claims without prejudice. *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999).

Anderson asserts that the district court erred by dismissing her claims against the City Of New Orleans and Mercadel without providing notice. Generally it is improper for a district court to dismiss a *pro se* complaint without affording the plaintiff the opportunity to amend, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); but, after reviewing the record, including Anderson's filings in opposition to the motions to dismiss filed by other defendants, we are convinced that Anderson had pleaded her best case. Accordingly, there was no reversible error. *See id.* at 1054; *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).

Finally, Anderson contends that the district court violated Federal Rule of Civil Procedure 38 and abridged her rights under the Seventh Amendment by dismissing her claims without a jury trial. Because a jury, as a trier of fact, has no role with respect to dismissals for failure to state a claim, the district court did not violate the above provisions. *See Barrett v. Indep. Order of Foresters*, 625 F.2d 73, 75 (5th Cir. 1980).

AFFIRMED.