# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 13, 2012

No. 10-41344

Lyle W. Cayce
Clerk

GORDON KIRK KEMPPAINEN,

Plaintiff–Appellant

v.

THE ARANSAS COUNTY DETENTION CENTER,

Defendant–Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:08-CV-194

Before REAVLEY, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff–Appellant Gordon Kemppainen, Texas prisoner # 1541042, filed a *pro se* 42 U.S.C. § 1983 complaint against the Aransas County Detention Center ("ACDC"), asserting that ACDC officials refused to replace a pair of broken eyeglasses and denied his request for an eye exam. Kemppainen alleged that he is legally blind without his eyeglasses and that use of the broken eyeglasses caused him severe pain and limited his participation in various daily activities. He argued that ACDC's failure to provide him with eyeglasses

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-41344

constituted deliberate indifference and violated the Americans with Disabilities Act ("ADA").

The parties consented to proceed before a magistrate judge, *see* 28 U.S.C. § 636(c), who denied Kemppainen's motion for summary judgment and granted in part and denied in part the defendant's summary judgment motion. The magistrate judge determined that Kemppainen had "failed to prove up his deliberate indifference claim"; the magistrate judge found that Kemppainen had set forth only conclusory allegations regarding whether he suffered serious harm as a result of being denied eyeglasses and had failed to show that the defendant withheld eyeglasses or an eye exam pursuant to an official policy or widespread custom. Accordingly, the case was dismissed. Kemppainen timely appealed.

In his initial brief to this court, Kemppainen asserts that he was denied the right to a trial by jury, citing Federal Rule of Civil Procedure 38(a), and the opportunity to recover damages as a result of the magistrate judge's dismissal of his claims, citing 42 U.S.C. §§ 1985–86. In support of this, he states that "nearly all of the facts and the evidence in this action very clearly supports [his] claims . . . which should clearly entitle [him] to a judgment as [a] matter of law." In his reply and sur-reply briefs, Kemppainen does assert error based on the merits of the district court's dismissal of his claims. ACDC claims that Kemppainen's initial brief is deficient because it does not contain any arguments concerning the magistrate judge's reasoning for denying his claims and fails to present any relevant issues for review. We agree.

Although we "liberally construe" the filings of *pro se* litigants and "apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel," *pro se* appellants must still comply with the principles of appellate procedure. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (citation omitted). The appellant's brief must contain an argument, which in turn must contain his "contentions and the reasons for them, with citations to the authorities and parts

2

of the record on which the appellant relies" and "for each issue, a concise statement of the applicable standard of review." Fed. R. App. P. 28(a)(9); *see Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). General arguments without citations to any error are insufficient to preserve issues for appeal. *See Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Though Kemppainen does seem to address the merits of the magistrate judge's dismissal of his claims in his later briefing, his initial brief failed to raise any of those issues and consequently, ACDC has not been able to respond to any of Kemppainen's arguments, except preemptively. Therefore, we find that Kemppainen has waived any arguments as to his deliberate indifference or ADA claims.

Furthermore, the issues that were raised in Kemppainen's initial brief—right to a jury trial and right to damages under §§ 1985–86—lack merit. Kemppainen's assertion that the summary judgment dismissal of his complaint is contrary to his right to a jury trial under Federal Rule of Civil Procedure 38 is incorrect. Rule 38 does not require a jury trial when, as in this case, the district court determines that there are no genuine issues of material fact regarding a dispositive matter that entitles a defendant to judgment as a matter of law. *See Barrett v. Indep. Order of Foresters*, 625 F.2d 73, 75 (5th Cir. 1980). As to Kemppainen's §§ 1985–86 claims, these claims were not raised before the magistrate judge and his only argument consists solely of a long quotation from § 1985. Kemppainen has failed to present these claims to permit review by this court. Fed. R. App. P. 28(a)(9); *Stewart Glass & Mirror v. U.S. Auto Glass Discount Cntrs., Inc.*, 200 F.3d 307, 316–17 (5th Cir. 2000) ("It is a bedrock principle of appellate review that claims raised for the first time on appeal will not be considered.").

For the foregoing reasons, we AFFIRM the magistrate judge's grant of summary judgment to ACDC.