# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11137
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 26, 2017

Lyle W. Cayce
Clerk

WANDA D. BINION,

Plaintiff-Appellant

v.

U.S. BANK, N.A., As Trustee for New Century Home Equity Loan Trust,
Series 2002-A, Asset Backed Pass Through Certificates Series 2002-A,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:15-CV-160

Before KING, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Wanda Binion appeals the dismissal of her pro se complaint against U.S. Bank, N.A., as Trustee for New Century Home Equity Loan Trust Series 2002-A, Asset Backed Pass Through Certificates, Series 2002-A (USB), that alleged claims of fraud and violations of the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, the Texas Deceptive Trade Practices Act, and the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11137

Due Process Clause.  This suit follows a state court summary judgment in favor of USB in a foreclosure proceeding.  After Binion failed to object to the magistrate judge's report and recommendation that the complaint be dismissed for failure to state a claim and as barred by res judicata and the *Rooker-Feldman* doctrine,[1] the district court adopted the magistrate judge's findings and conclusions as its own and entered a judgment of dismissal.  Binion asserts also that her Seventh Amendment right to jury trial was infringed.  We affirm the judgment.

If a case is assigned to a magistrate judge without a party's consent, as the instant case was, the party is entitled to file objections within 14 days after receiving a copy of the magistrate judge's recommendation and to have those objections reviewed de novo by the district court.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  If the party was advised of this requirement and the consequences of noncompliance, as Binion was, the party's failure to file timely objections bars her, except for plain error, from challenging on appeal the magistrate judge's factual findings and legal conclusions that the district court has accepted.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded on other grounds by* § 636(b)(1).

The plain error standard requires that Binion show that there is an error, that the error is clear or obvious, i.e., not "subject to reasonable dispute," and that the error affects the party's substantial rights.  *Puckett v. United States,* 556 U.S. 129, 135 (2009).  If she makes all these showings, we have discretion to correct the forfeited error if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  *Id.* (alteration in original) (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936)).

---

[1] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

No. 16-11137

Ordinarily, a contention unaccompanied by "any precedent directly supporting" it forms no basis for concluding that an alleged error is plain. *United States v. Miller*, 406 F.3d 323, 330 (5th Cir. 2005).

Binion fails to show that it is clear under the law of this circuit that her Seventh Amendment right to a jury trial and her related right to due process were violated by the state court's grant of summary judgment to USB or by the district court's dismissal of the federal complaint. *See Miller*, 406 F.3d at 330; *see also Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 631 n.5 (5th Cir. 2014); *Barrett v. Indep. Order of Foresters*, 625 F.2d 73, 75 (5th Cir. 1980) (per curiam). Consequently, further plain error analysis is unnecessary. *See Puckett,* 556 U.S. at 135.

We reject also the argument that the underlying state court judgment was procured by fraud and that consequently neither res judicata nor the *Rooker-Feldman* doctrine bars Binion's federal complaint or an amendment to the complaint to add USB's loan servicing agent as a defendant. Binion's allegations are insufficient to show that the state court judgment was procured by fraud. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 252-54 (5th Cir. 2013). As Binion fails to show clear or obvious error, further plain error analysis is unnecessary. *See Puckett,* 556 U.S. at 135; *Miller*, 406 F.3d at 330.

Binion's attempt to incorporate by reference arguments raised in the district court is unsuccessful. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). As Binion has not shown that the district court plainly erred by dismissing her claims based upon res judicata and the *Rooker-Feldman* doctrine, we do not reach her arguments related to the merits of her claims.

AFFIRMED.