# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 24, 2020

Lyle W. Cayce
Clerk

No. 20-10244

US Bank National Association, as Trustee for the Registered Holders of Aegis Asset Backed Securities Trust Mortgage Pass-Through Certificates, Series 2005-1,

*Plaintiff—Appellee*,

*versus*

John Harry Richardson; Linda Richardson,

*Defendants—Appellants*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CV-2271

---

Before Wiener, Southwick, and Duncan, *Circuit Judges*.

Per Curiam:*

U.S. Bank National Association brought judicial foreclosure actions against John and Linda Richardson, using its rights under a mortgage on the borrowers' home. The Richardsons counterclaimed that their mortgage had

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10244

been illegally serviced.  The district court dismissed the counterclaim and granted summary judgment in favor of U.S. Bank.  We AFFIRM.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2005, the Richardsons borrowed $1,280,000.00, signing a home equity note in that amount secured by a mortgage on their home in Dallas, Texas.  U.S. Bank is the current owner and holder of the note and beneficiary of the mortgage.  Ocwen Loan Servicing, LLC services the mortgage.

In 2012, the Richardsons failed to make payments required under the note.  After being notified of their default, the Richardsons were unable to cure.  U.S. Bank brought suit to foreclose on the mortgage.  The Richardsons counterclaimed that Ocwen had illegally serviced their mortgage.  The district court granted U.S. Bank's motion to dismiss the counterclaim.  After the close of discovery, the Richardsons moved to compel U.S. Bank to produce documents.  The district court denied that motion.

U.S. Bank filed a motion for summary judgment that would allow foreclosure on the property.  After the district court granted the motion, the Richardsons filed a motion for a new trial and to add indispensable parties. The district court denied their motion.  The Richardsons appealed.

## DISCUSSION

The Richardsons proceeded *pro se* in the district court and are continuing to do so here.  We liberally construe arguments in a *pro se* brief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).  The Richardsons challenge several of the district court's rulings, including the dismissal of their counterclaim, the denial of their motion to compel, the grant of summary judgment to U.S. Bank, and the denial of their motion for a new trial and to

add indispensable parties.  They also argue that they have a right to a jury trial and that the district court was predisposed to rule against them.  We begin our analysis with the discovery dispute.

## I.     *Discovery*

The Richardsons argue that the district court erred in denying their motion to compel production of documents.  We review that decision for a clear abuse of discretion. *Marathon Fin. Ins., Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 469 (5th Cir. 2009).

The magistrate judge entered a scheduling order that required all discovery to be finished by April 30, 2018.  The Richardsons served a request for production of documents just before the discovery deadline, making U.S. Bank's responses due sometime after the deadline.  When U.S. Bank did not produce documents, the Richardsons filed their motion to compel.  The district court denied the motion because both the underlying discovery request and motion to compel were untimely.

We "exercise minimal interference" with the district court's pretrial orders.  *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979).  The Richardsons do not argue that their discovery request and motion to compel were timely.  They also do not offer any excuse for their delay, nor do they explain why discovery should have been extended.  Given the latitude afforded to the district court's scheduling orders, the district court did not clearly abuse its discretion in denying the motion to compel.

## II.     *Dismissal of the Counterclaim*

We review *de novo* the district court's ruling on the motion to dismiss. *Wampler v. Sw. Bell Tel. Co.*, 597 F.3d 741, 744 (5th Cir. 2010).  A party's

pleading must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In their counterclaim, the Richardsons alleged that Ocwen illegally serviced their mortgage in violation of a December 2013 consent judgment entered in another federal case to which neither the Richardsons nor U.S. Bank were party. The Richardsons did not allege specific facts describing the violations of the consent judgment. The Richardsons also did not allege facts or explain a legal theory supporting U.S. Bank's liability for Ocwen's conduct. We agree with the district court that the Richardsons failed to allege sufficient factual matter to state a claim for relief.

The district court dismissed the counterclaim with prejudice and denied the Richardsons leave to amend. The Richardsons then filed a motion to amend the counterclaim which the district court denied as well. We review for abuse of discretion the district court's decisions regarding the amendment of pleadings. *Crostley v. Lamar Cnty.*, 717 F.3d 410, 420 (5th Cir. 2013).

*Pro se* parties generally are allowed to amend their pleadings "unless it is obvious from the record that the [party] has pled his best case." *Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011). The district court held that granting leave to amend the counterclaim would be futile because the Richardsons lacked standing to state a claim arising from violations of consent judgments to which they were not party. The district court relied on *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 750 (1975) among other decisions. In response, the Richardsons refer to an out-of-circuit case, *Saccameno v. U.S. Bank Nat'l Ass'n*, 943 F.3d 1071 (7th Cir. 2019), *cert. denied sub nom. Saccameno v. Ocwen Loan Servicing, LLC*, 206 L. Ed. 2d 825 (Apr. 20, 2020). In that case, Ocwen was a defendant. Although that plaintiff pled violations

of various consent judgments, she did so in the context of an Illinois statute. *Id*. at 1080. The plaintiff also alleged detailed facts regarding wrongful servicing of her loan, including that Ocwen demanded payment for amounts not owed. *Id*. at 1077. The Richardsons do not allege any such facts or claims here. *Saccameno* is of no assistance.

The Richardsons do not make any other arguments against the district court's conclusion regarding futility. Because any amendment would be futile, the Richardsons pled their best case. We find that the district court did not abuse its discretion in denying leave to amend.

A procedural issue is also presented, arising from the following. A magistrate judge initially entered findings, conclusions, and a recommendation on U.S. Bank's motion to dismiss. The district court accepted those before receiving the Richardsons' objections. After receiving the objections, however, the district court reviewed *de novo* those portions of the magistrate's findings, conclusions, and recommendation to which the Richardsons objected. A district court does not commit error by accepting a magistrate report before receiving objections unless the objecting party suffers prejudice. *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 646–47 (5th Cir. 1994). The district court considered the objections and reevaluated its rulings. There was no prejudice arising from the district court's actions.

## III.    *Summary Judgment*

We review the district court's ruling on summary judgment *de novo*. *RSUI Indem. Co. v. Am. States Ins. Co.*, 768 F.3d 374, 377 (5th Cir. 2014). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact." FED. R. CIV. P. 56(a). A genuine dispute

of material fact exists only if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The Richardsons do not identify any reason that U.S. Bank would not be entitled to foreclose on the mortgage. The debt, the security interest, the default, and proper notice to the debtors were all shown. *See* Tex. Prop. Code § 51.002. The Richardsons do not raise any genuine dispute of material fact as to them. In fact, the Richardsons concede in their opening brief that they "are in default of their loan."

The Richardsons do argue that Ocwen illegally serviced their mortgage. Beyond conclusory statements, they fail to explain how such illegal servicing would preclude U.S. Bank from foreclosing on their property. Furthermore, their counterclaim for illegal servicing was dismissed with prejudice. The district court properly granted summary judgment to U.S. Bank.

## IV.    *Post-judgment Motion*

After entry of judgment, the Richardsons filed a motion for a new trial and to add indispensable parties. Since there was no trial, the district court characterized the motion as a request, under Federal Rule of Civil Procedure 59(e), to alter or amend the judgment. We review the district court's ruling for abuse of discretion. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993).

The district court found that in their motion the Richardsons merely reiterated arguments previously rejected. Although the Richardsons claimed to have found new evidence, they did not justify why the evidence could not have been presented prior to judgment, and it was unclear how the new evidence would change any previous rulings. The district court acted within

No. 20-10244

its discretion in denying the motion for a new trial and to add indispensable parties.

### V.      *Other arguments*

The Richardsons argue that they are entitled to a jury trial.  Summary judgment, though, is an available and valid procedure that allows the court to grant a judgment when there are no issues to present to a jury.  *Barrett v. Indep. Order of Foresters*, 625 F.2d 73, 75 (5th Cir. 1980).

The Richardsons also argue that the district court treated them unfairly.  The Richardsons principally complain about district court rulings that we already addressed.  They do not identify any action by the district court that constitutes unfair treatment of either party.

AFFIRMED.