# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 12, 2021

Lyle W. Cayce
Clerk

No. 20-30474
Summary Calendar

Toren Washington,

*Plaintiff—Appellant*,

*versus*

Floyd Mayweather; Mayweather Promotions,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-CV-157

Before Davis, Stewart, and Dennis, *Circuit Judges*.

Per Curiam:*

Toren Washington filed a pro se civil complaint against Floyd Mayweather and Mayweather Promotions (MP), based on diversity jurisdiction. He asserted various state-law claims based on the defendants'

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

alleged breach of a verbal contract to produce and market footwear Washington designed.

Washington argues that the district court erred in dismissing his complaint for lack of subject matter jurisdiction and in dismissing his claims against MP for lack of personal jurisdiction.[1] He further argues that the district court's dismissal of his complaint deprived him of due process in violation of the Fifth Amendment and violated his Seventh Amendment right to a jury trial.

A district court's dismissal for lack of subject matter jurisdiction is reviewed de novo. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011).

Though Washington claimed that he suffered economic losses as a result of the defendants' breach of the oral agreement, he did not assign a value to the agreement. Likewise, he provided no value for the 67 footwear designs that he alleged the defendants wrongfully retained.

Washington alleges in his brief that it cost him $27,000 "to secure the opportunity" with the defendants, but this allegation is not in his complaint and was not before the district court. In any event, it does not establish that his claim exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). The district court did not err in dismissing Washington's complaint for failure to satisfy the amount in controversy requirement.

Because the district court's determination regarding subject matter jurisdiction was not erroneous, we need not address the district court's dismissal of Washington's claims against MP for lack of personal jurisdiction.

---

[1] Floyd Mayweather was not served and did not appear in the district court proceedings.

*See Liaw Su Teng v. Skaarup Shipping Corp.*, 743 F.2d 1140, 1144-45 (5th Cir. 1984), *overruled on other grounds by In re Air Crash Disaster Near New Orleans, La. on July 9, 1982*, 821 F.2d 1147 (5th Cir. 1987).

Additionally, there was no denial of due process in Washington's case. As MP points out, "Washington had the opportunity to present his case (and establish jurisdiction) in his complaint." The district court's local rules allowed Washington to file a response to MP's motion to dismiss, but he did not respond. A litigant's failure to respond during a proceeding does not create a due process issue. *See Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 210 (5th Cir. 2003).

Washington also suggests that the district court was biased, claiming that he was denied "an impartial and disinterested tribunal" in violation of his Fifth Amendment rights. He does not elaborate on this claim or cite to any record evidence in support. Because Washington has not adequately briefed his claim of judicial bias, he has abandoned the issue. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Finally, Washington claims that the district court violated his right to a jury trial under the Seventh Amendment by dismissing his complaint. "[Q]uestions of jurisdiction are properly within the ambit of the court's authority." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 512 (5th Cir. 1980) (internal quotation marks and citation omitted). The jury, as a trier of fact, has no role with respect to dismissals for lack of subject matter jurisdiction. *See Barrett v. Indep. Order of Foresters*, 625 F.2d 73, 75 (5th Cir. 1980).

Based on the foregoing, the judgment of the district court is AFFIRMED.