# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-10122

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

June 25, 2024

Lyle W. Cayce
Clerk

Fred Gonzales,

*Plaintiff—Appellant*,

*versus*

Christopher Wray, *Director, FBI*; William Burns, *Director, CIA*; Alejandro Mayorkas, *Secretary, U.S. Department of Homeland Security*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:21-CV-191

———————————————————————

Before Stewart, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Fred Gonzales, who was formerly Texas prisoner # 1782370, but who was under pretrial detention at the North Texas State Hospital when he filed the instant appeal, moves to proceed in forma pauperis (IFP) on appeal following the dismissal of his civil action. Through his IFP motion, Gonzales challenges the district court's determination that the appeal is not taken in

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry, therefore, "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

Noting delays in the adjudication of his civil action, Gonzales argues that his due process rights were violated. However, his argument fails, as he does not show that any delay resulted in prejudice. *See Keough v. Tate Cnty. Bd. of Educ.*, 748 F.2d 1077, 1083 (5th Cir. 1983). As to his claim of a Seventh Amendment violation for denial of the right to a jury trial, given that the district court dismissed his action on jurisdictional grounds, his claim lacks merit. *See Barrett v. Indep. Order of Foresters*, 625 F.2d 73, 75 (5th Cir. 1980); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 512 (5th Cir. 1980).

By failing to brief the issue, Gonzales has waived any challenge to the district court's determination that he lacked standing. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Although Gonzales contends that the defendants are not entitled to immunity, he fails to show error in the district court's determination that his complaint raised claims against the defendants in their official capacities and is therefore considered a lawsuit against the United States for which sovereign immunity applies. *See Danos v. Jones*, 652 F.3d 577, 581 (5th Cir. 2011). Further, as to the district court's determinations that neither the Federal Tort Claims Act nor the Administrative Procedure Act provide a waiver of sovereign immunity for his claims, Gonzales fails to brief the relevant issues, and therefore has waived them. *See Yohey*, 985 F.2d at 225. Nor does Gonzales challenge the district court's determination that his pleadings could not be construed as seeking mandamus relief, and therefore any challenge to that determination is also waived. *See id.*

No. 24-10122

In view of the foregoing, Gonzales fails to identify a nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 220. Accordingly, we DENY the IFP motion and DISMISS the appeal as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. Gonzales's motion for the appointment of counsel is DENIED.

Our dismissal of the instant appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). We WARN Gonzales that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).